### RUTHERFURD v. MYERS et al.

(Supreme Court, Appellate Division, First Department. April 12, 1900.)

1. COURTS—ENJOINING PROCEEDINGS IN SURROGATE'S COURT.
   The supreme court has no authority to stay proceedings on an accounting in the surrogate's court brought by executors and trustees under a will, where no application was made for an injunction in the latter court.

2. JURISDICTION OF SURROGATE'S COURT—ACCOUNTING.
   Assuming that the surrogate's court has no equitable power on an accounting before it by the executors and trustees under a will to award a set-off against the income of the trust estate that subsequently accrued to a beneficiary who was overpaid through a mistake, it may nevertheless proceed with the accounting, and determine the amount of the income that had been received by the executors and trustees, the amount for which they should be charged, and the amount of credits they should be allowed; leaving the question of set-off to be subsequently determined in an action in the supreme court.

3. SAME.
   The question whether a trustee under a will has the right to deduct from the income accruing to a beneficiary subsequent to an overpayment to her made through a mistake in the interpretation of the will is simply

one of accounting, which the surrogate's court has jurisdiction to determine, and does not depend on any doctrine of set-off, or other equitable principles which can be administered only in a court of equity.

Appeal from special term, New York county.

Action by John A. Rutherfurd, as executor of Richard Baring Gould, deceased, against Louisa Myers and others. From an order denying a motion for a stay of proceedings brought by him for an accounting in the surrogate's court, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

F. R. Minrath, for appellant.

George J. Thomson, for respondents.

INGRAHAM, J. The action was commenced to settle the accounts of the executors and trustees under the last will and testament of Alfred G. Myers, deceased, and to have charged against and allowed out of the income of the trust estate to which the said Louisa Myers became entitled a certain overpayment made to her or her committee, she having been declared a lunatic. The complaint then asks that pending the determination of this action the proceeding for an accounting now pending in the surrogate's court by John A. Rutherfurd as executor and trustee under the last will and testament of Alfred G. Myers, deceased, be stayed. This complaint having been served, the plaintiff made a motion "for a stay of the accounting as to the estate of Alfred G. Myers, now pending in the surrogate's court of the county of New York." That motion was denied, and from the order denying that motion this appeal is taken.

We do not think that the supreme court had authority to stay the proceedings on an accounting in the surrogate's court. While this court has jurisdiction, upon proper facts, to enjoin the parties to an action or special proceedings in other courts from proceeding therewith, if a stay of proceedings is required, application must be made in the court in which the proceeding is pending. No injunction in this case was applied for. It does not appear that the provisions of the Code as to an injunction were complied with. Nor would the facts alleged justify the court in granting such an injunction. The proceeding for an accounting was properly commenced in the surrogate's court by the executors and trustees of the estate. No fraud is alleged or shown. The plaintiff alleges as a reason for this relief that the surrogate's court has no equitable powers which would enable it to award a set-off against the income that subsequently accrued to one of the beneficiaries, who was overpaid through a mistake. Assuming that this would be so, that would not prevent the surrogate from proceeding with the accounting, and determining the amount of the income which has been received by the executors and trustees, the amount for which they should be charged, and the amount of credits that they should be allowed; leaving the question of the set-off to be subsequently determined in this action. If, however, it should appear that the accounting could be more satisfactorily determined in this action, the surrogate

has ample power to stay the proceedings in his court until the final determination of this action; and, if a proper case is made, we have no doubt that he will properly exercise that discretion. There is nothing here, however, to show that the extraordinary interposition of the supreme court was necessary. We do not see, however, why the surrogate cannot properly settle the accounts of the trustees in the accounting proceeding before him. The question is whether one of the beneficiaries has been paid all the interest or income from the property held in trust to which he was entitled. The plaintiff alleges that, in consequence of a mistake as to the interpretation of the will under which he has acted, this beneficiary was paid an amount in excess of that to which he was entitled. He has claimed and exercised the right to deduct from the income accruing subsequent to the discovery of the mistake an amount sufficient to make good the overpayment, and whether or not the trustee had a right to deduct such subsequent accruing income is the question which he seeks to settle in this action. But it would seem that that was simply a question of accounting, which the surrogate's court had ample jurisdiction to properly determine. This does not seem to depend upon any equitable doctrine of set-off, or other equitable principles which can be administered only in a court of equity, but would seem to be a question of account, over which the surrogate has the same jurisdiction as has the supreme court. If, upon the determination of the accounting proceeding, it appeared that the plaintiff was denied any relief to which, upon equitable principles as administered in courts of equity, he was entitled, he could then apply to a court of equity for such relief; but at this stage of the proceeding there is nothing to prevent the surrogate's court from proceeding with the accounting, or that would justify the interference of the supreme court.

We think the order appealed from should be affirmed, with $10 costs and disbursements. All concur.