(113 App. Div. 73)

CITIZENS' CENTRAL NAT. BANK OF NEW YORK v. TOPLITZ.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—PARTIES ENTITLED TO AC-
   COUNTING.
       One having a valid assignment of a portion of a legacy or distributive
   share may go into the Surrogate's Court, and call the executor or adminis-
   trator to account.
       [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and
   Administrators, § 1980.]

2. SAME—ACTION FOR ACCOUNTING.
       An actual or probable attack upon the validity of an assignment of
   a legacy or distributive share concerning which the Surrogate's Court
   has no power to adjudicate, authorizes the supreme court to entertain an
   action against the executor or administrator for an accounting.
       [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and
   Administrators, § 2008.]

3. SAME—ACTION AGAINST ADMINISTRATOR—COMPLAINT—SUFFICIENCY.
       A complaint in an action against an administrator with the will an-
   nexed alleged that two legatees executed a note to plaintiff, and by a
   written instrument assigned to plaintiff the amount of the note out of
   their respective shares in the personal estate of decedent, thereby authori-
   zing the administrator to retain from any distribution such sum, and in
   case the note was not paid when due, to pay the amount to the holder,
   which assignment was presented to the administrator and accepted by
   him, and that he thereupon "promised and agreed" that the same would
   be complied with by him; that the note was not paid when due of which
   defendant was notified, and that more than sufficient money to pay the
   note had come into the hands of the administrator which he had paid
   over to the legatees. Held, that the allegation as to defendant's agree-
   ment was a mere conclusion and by the acceptance of the order, the ad-
   ministrator did not bind himself personally, and the complaint was
   properly dismissed as not framed for an accounting which under the cir-
   cumstances was necessary.

Appeal from Trial Term, New York County.

Action by the Citizens' Central National Bank of New York against
Henry L. Toplitz. From a judgment dismissing the complaint, and
from an order denying a motion for a new trial, plaintiff appeals.
Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGH-
LIN, LAUGHLIN, and HOUGHTON, JJ.

Charles Blandy, for appellant.
Richard L. Sweezy, for respondent.

HOUGHTON, J. The plaintiff's complaint was dismissed on the
trial, on the ground that it failed to state a cause of action. The de-
fendant is the administrator with the will annexed of the last will and
testament of Lippman Toplitz, deceased. Two of the testator's sons
were Solomon B. and Samson L., and each was entitled under such
will to one-twelfth of the residuary estate.

The complaint alleges these facts, and, in addition, that Solomon and
Samson made their joint and several promissory note for the sum of
$10,000 payable six months from date, and procured it to be discounted

by the Ninth National Bank of the city of New York; and that on the day of the date of the note they assigned and set over to the bank, by an instrument in writing duly executed the sum of $5,000 each, out of their respective shares in the personal estate of said testator, thereby authorizing and directing the defendant to retain from any distribution he might make such sum, and in case the note was not paid when due to pay said amounts to the holder of such note, charging the amount against them, which assignment was presented to the defendant personally and accepted by him; and that the defendant thereupon "promised and agreed that the same would be complied with by him, and the amount so assigned to said Ninth National Bank, as aforesaid be paid to said bank when the moneys to pay the same came into his hands"; that the note was not paid when due, of which defendant was notified, and from whom payment out of such distributive shares was demanded and refused; that the makers had paid $4,000 thereon, and that $6,000 remained due; that there came to the hands of defendant as such administrator, for distribution under said will, belonging to the assignors more than sufficient moneys to pay the balance due on the note, and that instead of applying such moneys thereto, the defendant, notwithstanding his notice of such assignment, and his acceptance thereof, and without notice to the bank and in disregard of its rights, paid over to Solomon and to Samson $4,000 each. The complaint further alleges that defendant, as such administrator with the will annexed, "now has in his hands the sum of over $42,000 of moneys belonging to said estate of Lippman Toplitz, deceased, for further distribution, and in and to which said Solomon B. Toplitz and Samson L. Toplitz are entitled to share in the proportions aforesaid." Then follow allegations of demand of payment of defendant, and refusal, bankruptcy of Solomon, and insolvency of Samson, and assignment of the claim of the Ninth National Bank of the city of New York to this plaintiff, with a demand of judgment for $6,000, and interest.

The theory of the plaintiff is that the defendant having been notified of the assignment, and having accepted it, or assented to it, became personally liable to pay whatever might remain unpaid on the note, particularly when he distributed $4,000 to each of the assignors in disregard of the assignment. If the defendant individually had had dealings with Solomon and Samson out of which a particular fund had become due, or was to grow due to them, an order given by them to another upon him would have operated as an assignment pro tanto of the fund and an action thereon at law would lie. The rule is that where, for a valuable consideration received from the payee, an order is drawn upon a third person payable out of a particular fund then due or to grow due from him to the drawer, the delivery of the order to the payee operates as an assignment pro tanto of the fund; the drawee is bound after notice thereof, to apply the fund, as it accrues, to the payment of the order, and the payee may by action compel such application. Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515; Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270. So too, if the defendant in the present case, in disregard of the assignment of which he had notice, had paid to the assignor legatees, the full amount of their legacies, certainly in Surrogate's Court on an accounting, and possibly in an action at law, he

would have been liable to repay the amount which he had wrongfully paid to those who had parted with their title.

Conceding, but not deciding that an action at law might be maintained under such a state of facts, the complaint cannot be sustained on that theory, because it alleges that the defendant now has in his hands as administrator with the will annexed more than $42,000, two-twelfths of which would be more than sufficient to pay the plaintiff's claim. From the allegations of the complaint it therefore appears that at the time the plaintiff's assignor received its assignment there was in the defendant's hands belonging to the assignor legatees, the $8,000 which was paid to them, and the $7,000 which remains in the defendant's hands belonging to them. The assignment is not alleged to have provided that the first distribution of the estate should be applied to it, or that the agreement was that nothing should be paid to the legatees until the plaintiff's claim should have been satisfied. Distribution by the defendant to the legatees did not operate as a breach of trust or implied agreement on the part of the defendant so long as he retained in his hands a sufficient amount to satisfy the plaintiff's demand. The most that the defendant was obliged to do by the strictest interpretation of the implied agreement which arose when he received and accepted notice of the order drawn upon him, was to retain enough moneys to satisfy the plaintiff's claim out of the shares of the assignor legatees. . While it is alleged that the defendant agreed to pay the note in case it was dishonored, from the funds belonging to the two legatees who had given the order, the fair interpretation of the complaint is that he agreed to pay this amount, only out of the funds coming to his hands as administrator with the will annexed of the estate of the deceased, belonging to such legatees. If he received nothing, he was to pay nothing. If he received more than enough, he was to retain enough for that purpose. The allegation that he agreed to make the payment is a mere conclusion of law flowing from the facts stated. It was with respect to his management and distribution of the estate that the defendant contracted if he contracted at all. A determination of this fact would require an inquiry into his acts as administrator. This would involve an accounting to the extent of ascertaining how much ot the estate there was for distribution to the two legatees, and how much had been paid to them individually, and how much remained to be applied upon the order or assignment which they had given to plaintiff's assignor. This inquiry would necessitate a form of action in which an accounting could properly be had. Such is not the form of action which the plaintiff has seen fit to bring. If the complaint had alleged that the defendant had paid out all the funds in his hands, and that none remained belonging to the legatee assignors, with which plaintiff could be paid, on a motion to dismiss, that allegation would necessarily be taken as true. Nevertheless, on coming to trial the plaintiff would have been compelled to prove that fact, if the defendant should not admit it, and that issue would involve the whole question of how much money the plaintiff received as administrator, and how much he had paid out, which would be in effect, an accounting of his acts as such officer. Eliminating, therefore, the allegation of the complaint that the defendant still retains in his hands moneys sufficient to satisfy the

plaintiff's demand, as the plaintiff urges us to do, still an accounting is a necessity and the complaint is fatally defective, because it is not framed for that relief.

A valid assignment of a portion of the legacies of the two legatees is plead. Having that assignment, the plaintiff could go into the Surrogate's Court, which is the appropriate tribunal for that purpose (Hard v. Ashley, 117 N. Y. 606, 23 N. E. 177), and call the defendant to account as administrator with the will annexed. If it was fearful that the assignment to it was to be attacked, and that the surrogate would have no jurisdiction to determine its validity, it could bring an action for an accounting in the Supreme Court. The Supreme Court has concurrent jurisdiction with the Surrogate's Court to call an executor or administrator to account, and will entertain an action for that purpose when it is shown that the circumstances of the case are such as to require relief of a nature which could not be obtained in the Surrogate's Court. Haddow v. Lundy, 59 N. Y. 320, 326; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. An actual or probable attack upon the validity of the assignment of a legacy or distributive share, concerning which the Surrogate's Court has no jurisdiction to adjudicate, would constitute a circumstance authorizing the Supreme Court to entertain the action. But such an action would be one in equity for that specific purpose. The present complaint is framed at law, and seeks to charge the defendant personally with payment of the order which operated as an assignment of a portion of the legacies coming to plaintiff's assignors from the estate which it was the defendant's duty as administrator with the will annexed to administer. By acceptance of the order he did not bind himself personally and absolutely to pay it, but only to pay in case sufficient funds should be received by him in his official capacity. Aside from the allegation that he still holds sufficient funds to satisfy the plaintiff's demand, we think no action lies against him until an accounting, and that the complaint not being framed for that purpose was properly dismissed.

The judgment and order should be affirmed, with costs. All concur.