mere fall of the deceased on the asphalt pavement. A blow from the horse's feet had the f. :ce necessary to crush the skull, and corroborates the plaintiff's theory of the accident.

PATTERSON, P. J., concurs.

(53 Misc. Rep. 469)

### PEOPLE v. McCLELLAN.

(Supreme Court, Special Term, New York County. March, 1907.)

PLEADING—DEMURRER—MOTION FOR JUDGMENT.

> Where on demurrer to the complaint a motion is made for judgment on the ground that the demurrer is frivolous, it cannot be granted where it raises a question that is doubtful.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1063.]

Action by the people against George B. McClellan. Motion for judgment on demurrer to the complaint. Overruled.

See 104 N. Y. Supp. 447.

W. S. Jackson, Atty. Gen., for the People.

E. L. Richards, for defendant.

GREENBAUM, J. The complaint in this action is framed with allegations and a prayer which indicate that the Attorney General exercised the discretion conferred upon him under section 1949 of the Code of Civil Procedure to "set forth therein the name of the person rightfully entitled to the office and the facts showing his right thereto." The effect of such a pleading would be to permit a judgment not only for ouster of the alleged usurper, but a determination that the person alleged to be entitled to the office was lawfully elected to the office of mayor of the city of New York. I am not prepared to say upon an inspection of such a pleading that a demurrer upon the ground that Mr. Hearst, the person named in the complaint as the one entitled to the office, is a necessary party, is so palpably bad that it may be treated as a frivolous pleading. It is unnecessary upon a motion of this character to consider the question as to whether the demurrer is or is not well pleaded; it being sufficient to be satisfied that the legal question raised by the demurrer is doubtful. Motion for judgment denied.

Motion denied.

(120 App. Div. 199)

### In re SMITH.

(Supreme Court, Appellate Division, First Department. June 21, 1907.)

1. EXECUTORS—ACTION FOR ACCOUNTING—COURTS—JURISDICTION.

> Where complete relief can be obtained in the Surrogate's Court, the Supreme Court will refuse to exercise its equitable powers to entertain an action for an accounting by an executor.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 2000–2011.]

**2. Same.**

The Supreme Court will not entertain an action for an accounting by an executor, where the only facts stated in the petition were that petitioner was advised by his attorneys that if he accounted in the Surrogate's Court, he would, owing to stringent rules of evidence made applicable to said court by Code Civ. Proc. § 2729, governing the admission of evidence as to payments by executors where no vouchers can be produced, be unable to testify as to such a payment, or to introduce all his evidence tending to prove such payment as alleged in the schedule, thereby working great injustice and hardship upon petitioner; such provision of the Code being applicable to accountings of executors and administrators in the Supreme Court.

Appeal from Special Term.

In the matter of the final judicial settlement of the accounts of Henry G. Smith, as executor, etc. From an order vacating an order directing parties interested to attend a judicial settlement of his accounts, the executor appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Oliver C. Carpenter, for appellant.

McLAUGHLIN, J. The executor under the last will and testament of Phœbe De Saxe applied to and obtained from the Special Term of this court an order directing all persons interested in the estate, either as legatees, creditors, or otherwise, to appear before one of the justices of this court sitting in Special Term, at a time and place stated, to attend a final judicial settlement of his accounts as executor. Thereafter a residuary legatee, upon notice, moved upon petition and an affidavit that the order be vacated. The motion was granted, and the executor appeals.

There is no doubt that the equitable branch of the Supreme Court possesses jurisdiction concurrent with the Surrogate's Court to entertain an action for an accounting by an executor. Haddow v. Lundy, 59 N. Y. 320. The statute, however, gives full power to Surrogates' Courts to settle the accounts of executors and administrators and distribute the estate among the persons entitled to receive the same, and that is the appropriate tribunal for the settlement of such accounts. Chipman v. Montgomery, 63 N. Y. 221. The rule seems to be well settled that, where complete relief can be obtained in the Surrogate's Court, the Supreme Court will refuse to exercise its equitable powers to entertain an action for an accounting. Wager v. Wagner, 89 N. Y. 161; Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427, 2 L. R. A. 175. In other words, it will decline to take jurisdiction of an action for an accounting by the representatives of the estate of a deceased person, unless special facts and circumstances are alleged showing that the case is one requiring relief of such a nature that the Surrogate's Court is not competent to grant it or some reason assigned or facts stated to show that complete justice cannot be done in that court. Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263; Citizens' Central National Bank of N. Y. v. Toplitz, 113 App. Div. 73, 98 N. Y. Supp. 826. And when it does take juris-

diction it will only be in an action in which the special facts and circumstances are set forth in the complaint.

Here, the application was by petition, and there were no special facts and circumstances alleged. On the contrary, the only facts stated, by reason of which a settlement is sought in the Supreme Court, is that the petitioner is advised by his attorney that, if he accounts in the Surrogate's Court, "owing to the stringent rules of evidence which are made applicable to the said court by section 2729 of the Code of Civil Procedure, governing the admission of evidence as to payments by executors, where no vouchers can be produced, he would be unable to testify as to such a payment or to introduce all his evidence tending to prove the said payment, as alleged in the said schedule, and thereby working great injustice and hardship upon your petitioner." Obviously, this is not a reason why the court should take jurisdiction, and, if it did, the executor would have to produce the same kind of proof as to payments that he would in the Surrogate's Court. By the provision of section 2729 of the Code of Civil Procedure, such items of expenditures may only be allowed without a voucher when the item does not exceed $20, and the whole amount of such items so allowed shall not exceed in the aggregate $500. This provision of the Code is applicable to accountings of executors or administrators in the Supreme Court. Matter of Nutting, 74 App. Div. 468, 77 N. Y. Supp. 696. The purpose of this statute is to protect estates by providing a rigid rule of evidence as to payments by executors or administrators. Its purpose cannot be weakened or destroyed by accounting in the Supreme Court, instead of the Surrogate's Court.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.