(125 App. Div. 702.)

## In re FARRELL.

## FARRELL et al. v. FARRELL.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

1. EXECUTORS AND ADMINISTRATORS—COMPELLING ACCOUNTING—COMPLAINT—SUFFICIENCY.

L. left certain land in Spain to his children, and his widow, who was executrix, married again, and on her decease her second husband, W., became executor of her estate. A complaint by some of L.'s children against

W., individually and as executor and trustee of their mother's estate, and others, was based on claims against W. and the estate of the mother for rents received from the Spanish land and the proceeds of alleged wrongful sales thereof, and it alleged, among other things, that their mother, as executrix, had received a large amount of personal property, more than sufficient to pay the debts of L., that no accounting had ever been had of her acts as executrix, and that W. claimed that the land was sold and proceeds used to pay the debts of L., and, among other things, an accounting of the acts of the mother as executrix was demanded. *Held,* that the facts alleged warranted a prayer for an accounting in addition to the adjudication of the claims.

2. SAME—ACTIONS FOR ACCOUNTING—COURTS—JURISDICTION—STAY OF PROCEEDINGS IN SURROGATE'S COURT.

While the Supreme Court will not entertain jurisdiction of an action for an accounting by an executor, if that alone is involved, the Supreme Court and Surrogate's Court have concurrent jurisdiction, and the former will entertain jurisdiction if matters are involved of which the latter does not have jurisdiction; hence, where an action in the Supreme Court is brought for an accounting of the proceedings of one deceased as the executrix of the estate of another and for the adjudication of claims against the estate of the executrix and her executor, as such and in his individual capacity, though there is a proceeding for an accounting by the executor pending in the Surrogate's Court, the Supreme Court will retain jurisdiction, for all matters of difference between the parties could be settled in that action, while the Surrogate's Court can only pass on matters which may be raised on the accounting, and on motion should stay proceedings pending the action in the Supreme Court.

3. COURTS—CONCURRENT JURISDICTION—RETENTION BY JURISDICTION WHERE RELIEF IS FIRST SOUGHT.

Where two tribunals have equal jurisdiction, a case will be retained and disposed of in the forum where judicial action is first sought.

Appeal from Surrogate's Court, Kings County.

Proceedings for the judicial settlement of the accounts of William J. Farrell, as executor under the last will and testament of Leocadie Llado Farrell, so far as they relate to the accounts of the decedent as executrix of the estate of Francisco Llado. From an order vacating an order staying proceedings pending the determination of an action in the Supreme Court, Francisco L. Farrell and others appeal. Reversed, and motion denied.

See 108 N. Y. Supp. 1132.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Edward J. McGuire, for appellants.

T. Ellett Hodgskin (George W. Wingate, on the brief), for respondent.

MILLER, J. This is an appeal from an order vacating an order staying a proceeding for an accounting in the Surrogate's Court pending the determination of an action in the Supreme Court. Francisco Llado died in Kings county on August 28, 1884. By his will and the codicil thereto he disposed of his property, so far as material to the present inquiry, as follows, viz.: Certain real estate in Spain to his children; all of his other real estate and personal property to his wife, Leocadie Llado. His wife was appointed executrix, and alone qualified. His executors were given power to sell the Spanish real es-

tate at either public or private sale, in case they should deem it necessary for the support and education of his children; the executors to hold and invest the proceeds of such sales during the minority of said children, and to pay the income and so much of the principal as might be necessary to the support and education of said children during their minority. Said Leocadie Llado subsequently married the respondent, William J. Farrell, and died March 19, 1891, leaving a last will and testament, appointing him her executor.

On March 19, 1906, Louis Llado Farrell, one of the children of said Francisco and Leocadie Llado, commenced an action in the Supreme Court, New York County, against said William J. Farrell, individually and as executor and trustee under the last will and testament of Leocadie Farrell, and Francisco Llado Farrell and Adelaide Llado Farrell, the other children of Francisco and Leocadie Llado. The complaint in that action sets forth three causes of action. The first two are based on claims against the said William J. Farrell and the estate of said Leocadie Llado Farrell for rents received from said Spanish real estate and from the proceeds resulting from alleged wrongful sales thereof. For a third cause of action it is alleged, among other things, that a large amount of personal property and more than enough to pay the debts of said Francisco Llado was received by said Leocadie Llado as his executrix, but that the defendant claims that said real estate was sold and the proceeds used to pay the debts of said Francisco Llado, and that no accounting has ever been had of the acts of said Leocadie Llado Farrell as executrix aforesaid. The prayer for relief, among other things, demands an accounting of the acts of Leocadie Llado Farrell as executrix.

Subsequent to the commencement of the Supreme Court action said William J. Farrell, as executor of the estate of Leocadie Farrell, formerly Leocadie Llado, filed an account of her proceedings as executrix of said Francisco Llado, and citations thereon were duly issued. Annexed to that account is a statement that a part of said Spanish real estate was sold on mortgage foreclosure, that rents were collected from another part, and that said Farrell holds the sum of $529.46 thereof as executor, etc. Thereupon a motion was made to stay the accounting in Surrogate's Court pending the determination of the Supreme Court action, which was granted; but subsequently the order appealed from was made vacating said stay, the complaint and answer in the Supreme Court action having meanwhile been served. The learned surrogate thought that the Supreme Court action involved only the determination of a claim against the estate of said Leocadie Llado Farrell, and that the action was not brought for an accounting of her proceedings as executrix. The answer in the Supreme Court action raises no question as to the propriety of the joinder of the different causes of action attempted to be alleged, if, indeed, such question could be successfully raised, which we do not suggest. The plaintiff in the Supreme Court action does pray for an accounting of the acts of Leocadie Llado Farrell as executrix, etc., and there are sufficient facts alleged to warrant that prayer. The parties to the accounting in Surrogate's Court are the same as in the Supreme Court action.

While the purpose of the accounting demanded in the Supreme Court action is only incidental to the relief sought, it is evident that the proceeding in Surrogate's Court was instituted solely for the purpose of determining the rights, if any, of said children of Francisco and Leocadie Llado on account of the acts of the latter relating to the Spanish real estate; and it is unnecessary now to determine whether the liability, if any was incurred, was against her individually or as executrix. While the Supreme Court will not entertain jurisdiction of an action for an accounting by an executor, if that alone is involved (Matter of Smith, 120 App. Div. 199, 105 N. Y. Supp. 223), the Supreme Court and Surrogate's Court have concurrent jurisdiction, and the Supreme Court will entertain jurisdiction if matters are involved of which the Surrogate's Court does not have jurisdiction; and the rule is that, where two tribunals have equal jurisdiction, the cause should be retained and disposed of in the forum where judicial action is first sought (Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91, and cases cited). It appears to us clear that the issues in the Supreme Court action have been so joined that all the matters of difference between the parties can be settled in that action, while the Surrogate's Court may only pass upon matters which may be raised on the accounting.

Under these circumstances, it was proper to stay the proceeding in Surrogate's Court, and the order appealed from should be reversed, and the motion denied.

Order of the Surrogate's Court of Kings county reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.