(59 Misc. Rep. 565.)

LEASK et al. v. McCARTY.

(Supreme Court, Special Term, New York County. June, 1908.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—JURISDICTION.

The Supreme Court will not settle by action the accounts of executors and trustees, unless there are some special circumstances because of which complete justice cannot be done in the Surrogate's Court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2008.]

2. SAME.

Where, on the settlement of the account of executors, the question of the validity of certain notes of one of the residuary legatees was in issue, of which question the Surrogate's Court had no jurisdiction, it authorized the exercise by the Supreme Court of its jurisdiction in an action to settle such accounts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2008.]

Action by George Leask and others, executors of Hudson Hoagland, against Mary Emma McCarty. On demurrer to complaint. Overruled.

Dougherty, Olcott & Tenney (J. Hampden Dougherty, of counsel), for plaintiffs.

Steuart & Steuart, for defendant.

ERLANGER, J. The sufficiency of the complaint is challenged upon demurrer. I am of the opinion, however, that the objection is not well taken, and that both the remedy and forum were properly selected by plaintiffs to obtain the necessary relief. The plaintiffs, as executors, charge, among other things, that on October 19, 1907, they paid to the defendant, on account of her share in the testator's residuary estate, the sum of $18,700.70 in cash, and by delivering to her five notes, each for $1,000, and each payable one day after date, which she executed to the testator in his lifetime, and which came into their possession as such executors; that on the same day she executed and delivered to plaintiff an instrument acknowledging the receipt of said amount and notes; that thereafter, and on December 10, 1907, they filed an account of their proceedings with the surrogate, to which the defendant filed objections, claiming that the said notes were not her valid obligations; that they had been delivered by her to the testator without consideration and without understanding that they were promissory notes, she believing them to be mere receipts, and that, therefore, they were not a valid set-off; and that neither the referee, to whom the objections were referred, nor the surrogate, had jurisdiction to pass upon the validity of the notes or to determine whether she was liable thereon. It is further alleged that the testimony to establish the settlement so made rests in parol, and that the evidence to refute defendant's claim that the notes were not valid obligations and could not be set off against her share likewise rests in parol; that, because of the lack of jurisdiction in the surrogate to pass upon the questions so raised by the objections, the accounting and distribution is suspended and will so continue until the questions thus raised shall have been first determined by a court of competent jurisdiction.

It seems to me that enough has been alleged to call for the equitable interposition of this court. The defendant, by her objections, and the plaintiffs, by their allegations in the complaint, both assert that the surrogate is without jurisdiction to pass upon the objections so filed; and yet, despite her contention, she demurs to the complaint and urges that this court refuse to take cognizance of the action for any purpose whatsoever. The position of the defendant is somewhat inconsistent.

Her counsel argued in support of the demurrer that, as plaintiffs in their complaint allege an accord and satisfaction formally executed, that in itself as matter of law would operate as a complete bar to the objections raised to the account—this to defeat the maintenance of this action, but with the reservation, no doubt, that, when sent back to the surrogate, the plaintiffs would still have to meet the question of jurisdiction raised by the objections and stand the chance of defeat. If the question of fraud and deceit should be raised in respect of the execution and delivery of the notes, under the objections so filed, it would seem that the surrogate is lacking in jurisdiction to determine the same. General equitable powers in the disposition of controversies, arising on an accounting by a testamentary trustee or executor, cannot be exercised by that court. Matter of Bunting, 98 App. Div. 122, 90 N. Y. Supp. 786; Matter of U. S. Trust Co., 80 App. Div. 77, 80 N. Y. Supp. 475.

What legal propositions will be advanced by the defendant under the form of the objections and in support thereof is wholly conjectural; but if, as is contended, the surrogate cannot pass upon the validity of the notes or determine defendant's liability thereon, enough appears to suggest that the defendant will introduce proof before the surrogate to oust him of jurisdiction and deprive him of the right to decide such questions; and hence, if this action cannot be maintained, nor the one before the surrogate quoad the settlement attacked, plaintiffs are wholly remediless, and it would leave them in a position where they could not finally account and distribute the estate until the defendant shall herself select the proper forum to pass upon the validity of the notes, at her own time and pleasure, within the period of the statute of limitations for her to act. Meantime, not only will the distribution of the estate be halted, but the plaintiffs must incur the peril of losing their evidence, which rests in parol, as charged in the complaint and admitted by the demurrer. The defendant having accepted the settlement and having executed a solemn instrument, which plaintiffs allege constitutes an accord and satisfaction, it would be highly inequitable to compel them to account without securing to them the advantage which the facts alleged in the complaint and assumed for the purposes of the demurrer to be true entitled them to. Pettigrew v. Foshay, 12 Hun, 483. And, where it appears that the surrogate cannot, for want of jurisdiction, determine the questions presented, he has ample power to stay the proceedings in his court until the final determination of this action. Rutherfurd v. Myers, 50 App. Div. 298–300, 63 N. Y. Supp. 939.

While this court possesses jurisdiction concurrent with the Surrogate's Court to entertain an action for an accounting by executors or trustees, it is reluctant to exercise that jurisdiction, unless special facts and circumstances exist indicating that complete justice cannot be done in that court. Matter of Giles' Estate, 11 Abb. N. C. 57; Sanders v. Soutter, 126 N. Y. 193–201, 27 N. E. 263; Van Sinderen v. Lawrence, 50 Hun, 272, 3 N. Y. Supp. 25; Wright v. Fleming, 76 N. Y. 517; Rutherfurd v. Myers, supra; Bank v. Toplitz, 113 App. Div. 73, 98 N. Y. Supp. 826. Clearly, such special circumstances exist here as to have justified the bringing of such an action, but plain-

tiffs were not obliged to do so; and it is their right to maintain the
action in its present form, under the cases last cited, and have the final
distribution of the estate await the result thereof.

The demurrer must be overruled, with leave to withdraw the same
within 20 days after the entry of the interlocutory judgment, on pay-
ment of costs.

Demurrer overruled, with leave to withdraw within 20 days, on pay-
ment of costs.