Matter of the Judicial Settlement of the Accounts of the Executors of the Estate of BENJAMIN F. SHERWOOD, Deceased.

(Surrogate's Court, Niagara County, November, 1918.)

Stay — when surrogate may stay an accounting proceeding of executor — wills — when stay will be granted — infants.

The surrogate may stay a proceeding for the judicial settlement of the accounts of executors when justice so requires.

Upon the judicial settlement of the accounts of executors who asserted a claim for reimbursement for expenses in the probate of the will and for defending a Supreme Court action in which the will was declared invalid, it appeared that they were prosecuting an appeal from said judgment and that in another action the only heir-at-law of decedent, an infant, was asserting a claim for rents and profits against one of the executors for an amount far in excess of the expenses claimed by them. *Held,* that there being no denial of an allegation of said infant's petition for a stay of the accounting proceedings, that such expenses were paid by the executor against whom the infant was asserting his claim, the stay will be granted until the determination of the Supreme Court action, so far as the claims of the executors for reimbursement are concerned.

PROCEEDING upon the judicial settlement of the accounts of executors.

S. Wallace Dempsey, for petitioner.

Willis H. Tennant, for executors.

FISH, S. A surrogate has power to stay accounting proceedings in a proper case. *Matter of Farrell,* 125 App. Div. 702. A stay in an action or proceeding is based upon the regulatory power possessed by the court over the parties and their attorneys, it is an

administrative function and largely rests in the sound discretion of the court. 1 C. J. 1161; *Curlette* v. *Olds,* 110 App. Div. 599. While usually granted on the ground of a former action pending, the grounds for its exercise are various and the true test is whether equity and justice require it.

These executors while receiving their right to appointment from the will (now declared invalid) received their letters from the surrogate and are subject to his direction and control (Code Civ. Pro. § 2510); they offered the will for probate in Surrogate's Court as was their privilege and when they were met with a contest they could have protected themselves by requiring indemnity from those who would be benefited by its probate (*Dodd* v. *Anderson,* 197 N. Y. 466), and while what had theretofore been their privilege, after the probate of the will in Surrogate's Court, became their legal duty, and they were acting pursuant to such duty in defending the Supreme Court action, still they were also acting in their personal interest, as practically the only questions involved were whether they should execute the trust and whether one of their number should have a life estate in decedent's property.

The expenses incurred by them in probating the will and defending the Supreme Court action were purely personal in their inception, although regarded as equitable charges upon the estate (*Dodd* v. *Anderson, supra*), which equitable charges they are now asserting in a proceeding of an equitable nature and at the same time prosecuting an appeal from the judgment declaring the will invalid; and there is an action pending undetermined in the Supreme Court in which the only heir-at-law of decedent who is an infant is asserting a claim for rents and profits against one of the executors far in excess of such expenses, and the petition for a

stay herein on behalf of the infant alleges that such expenses were paid by the executor against whom he is thus asserting his claim, which allegation is not denied.

Under the circumstances shown by the account and the affidavits presented, I think a stay should be granted; the only question is whether it should be now granted or the amount of the expenses to be allowed determined and then granted (*McQuesten* v. *Bowman,* 17 N. H. 24; *Knox* v. *Hexter,* 42 N. Y. Super. Ct. 496); but as I view it that amount can best be determined after the litigation over the will has ended.

Proceedings stayed until determination of action in Supreme Court referred to in special guardian's petition, so far as concerns claims of executors for reimbursement for expenses paid on probate proceedings and action in Supreme Court under section 2653a of the Code of Civil Procedure.

Decreed accordingly.