(121 App. Div. 528.)

### CLOSE v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

WILLS—INTEREST DEVISED—ACCOUNTING.

> A will giving a share of testator's estate to his daughter, to be invested by his executors for her benefit, the interest arising therefrom to be paid to her semiannually, and providing that on her death without issue the proceeds of the share should be divided among her brothers and sisters, created a trust, vesting the legal title in the executors as trustees; and hence on her death the legal title was in the trustees, with duty to account to her children, and not in her administrator or executor, requiring the trustees to account to him.

Appeal from Judgment on Report of Referee.

Suit for accounting by Eloise A. Close against the Farmers' Loan & Trust Company, as William F. Nisbet's executor, and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted.

The suit is for an accounting against the sureties for Henry C. Seward as substituted trustee under the sixth clause of the will of Anthony J. Allaire, deceased. The surviving executor and trustee appointed by the will, for whom the said trustee was substituted by the Supreme Court, turned over to the said trustee the sum of $12,626.64, the principal of the alleged trust fund. The said trustee afterwards died, and only the sum of about $200 of the said trust fund was realized out of his estate by the plaintiff and her brother, the defendant Wills A. Seward, who was made a defendant because he would not unite with her as a plaintiff. They are the only children and next of kin of Maria Ema Seward, mentioned in the said sixth clause of the said will of Anthony J. Allaire, her father, and now deceased, intestate.

The said will leaves two-thirds of the estate of the testator to his three sons and three daughters, viz., one sixth part thereof to each son absolutely, and then one sixth part to each daughter by the fourth, fifth and sixth clauses thereof, each clause being in the same words, that for the said Maria Ema Seward (the sixth) being as follows:

"To my daughter Maria Ema Seward I also give one other equal sixth part of said remaining two-thirds. The same also to be invested by my executors for her benefit in such securities as they may elect and the interest arising therefrom to be paid to her semiannually, and in the event of the said Maria Ema dying without issue then the proceeds of said share to be divided among her brothers and sisters share and share alike."

One of the said defendant sureties died before judgment, and the other since. The executor of the latter has been substituted and is respondent here.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Theodore H. Silkman (H. W. Alden, on the brief), for appellant.
Hamilton Odell, for respondent.

GAYNOR, J. · It may be that more learning was resorted to below, and in argument at our bar, than is applicable to the case. If a trust

was created by the sixth clause of the will, then upon the death of the life beneficiary, Maria Ema Seward, the trustee was under a duty to account to her children, viz., this plaintiff and her brother, the defendant Seward. If there was no trust, and instead the said mother was the absolute owner of the said fund when she died, then the duty of the trustee to account is to the executor or administrator of the said mother, and this suit was properly dismissed.

By the said clause the testator gave one-sixth of two-thirds of his estate to his said daughter Maria Ema, "the same to be invested by my executors for her benefit in such securities as they may elect, and the interest arising therefrom to be paid to her semiannually, and in the event of the said Maria Ema dying without issue, then the proceeds of said share to be divided among her brothers and sisters, share and share alike." Here is an express trust to receive and invest the fund, and pay the income to the said daughter of the testator for life. This vested the legal title in the trustees. Morse v. Morse, 85 N. Y. 53; Ward v. Ward, 105 N. Y. 68, 11 N. E. 373. They could not deal with the fund as directed except by having title and possession thereof. The trust cannot therefore be whittled down to a mere power in trust, to which title or possession is not necessary.

Now it may be true as was held below that a bequest to one, but if he die without children (as is the provision here), then over (say to his brothers and sisters, as is the case here), becomes an absolute one to him if he die leaving children, and that in such case the children would not take through the will, but as next of kin, in case of the intestacy of their parent. But that case, simpliciter, is not here. On the contrary, there is a trust here, from which it follows that at the death of the life beneficiary the legal title was in the trustees, with duty to account to the plaintiff and her brother, and turn the property over to them, instead of it belonging to the administrator or executor of the life beneficiary, as it would if the legal title were in her, and which would make an obligation to account to such administrator or executor, instead of to the plaintiff and her brother.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.