## POST v. INGRAHAM.

(Supreme Court, Appellate Division, First Department. December 20, 1907.)

TRUSTS—TESTAMENTARY TRUSTEES—ACCOUNTING—JURISDICTION.

　　The Surrogate's Court, and not the Supreme Court, is the proper tribunal for proceedings for settlement of the accounts of a testamentary trustee; and the fact that the trustee has died is no ground for proceeding against his executor in the Supreme Court, as Code Civ. Proc. § 2606, gives the

Surrogate's Court full jurisdiction over an accounting of an executor of a deceased testamentary trustee respecting his receipts and disbursements.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 417.]

Appeal from Special Term, New York County.

Action by George W. Post, Jr., individually and as administrator of the estate of Virginia W. Post, deceased, against John B. De Cue, as testamentary trustee under the will of James Brady, deceased. From an order reviving the action against him, Henry C. Ingraham, as executor of the will of John B. De Cue, appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Augustus Van Wyck, for appellant.
A. Walker Otis, for respondent.

HOUGHTON, J. Plaintiff's intestate was a beneficiary under the trust created by the will of James Brady, deceased. John B. De Cue was the sole surviving trustee, and plaintiff brought this action in the Supreme Court for an accounting by him as such testamentary trustee. The other beneficiaries under the trust were joined as defendants and process was served upon them, and it is claimed that a summons and complaint was served upon De Cue shortly before his death. He having died, leaving a will of which the defendant Ingraham is the executor, the plaintiff moved for an order making him a party defendant and reviving the action as against him.

Irrespective of the question as to whether De Cue was properly served or not, we think the order of revival was improperly made. The complaint discloses no facts or circumstances showing that appropriate relief cannot be had in the Surrogate's Court. The relief asked is simply a judicial settlement of the accounts of a testamentary trustee and payment of the money found due. The Surrogate's Court is the proper tribunal for such an accounting, and such an action will not be entertained by the Supreme Court unless facts are pleaded showing that the case is one requiring relief of such a nature that the Surrogate's Court is not competent to grant it, or that for some reason complete justice cannot be done in that court. Matter of Smith, 120 App. Div. 199, 105 N. Y. Supp. 223; Citizens' Central Nat. Bank v. Toplitz, 113 App. Div. 73, 98 N. Y. Supp. 826, affirmed 188 N. Y. 634, 81 N. E. 1162; Borrowe v. Corbin, 31 App. Div. 172, 52 N. Y. Supp. 741, affirmed 165 N. Y. 634, 59 N. E. 1119, on opinion below.

In Borrowe v. Corbin, supra, the complaint was dismissed upon the action coming on for trial, and the determination was affirmed on the ground that the Supreme Court would not entertain jurisdiction because complete relief could be granted in the Surrogate's Court. A testamentary trustee obtains his authority to act through probate of the will and qualification in Surrogate's Court, and with respect to control over his acts and adjustment of his accounts he stands in the same position in that court as an executor or administrator. Such being the rule, the court below should have refused to revive the action as against the defendant executor.

The fact that the substituted defendant is an executor of a deceased testamentary trustee does not change the situation. By section 2606 of the Code of Civil Procedure the Surrogate's Court is given full jurisdiction over an accounting voluntary or compulsory, of an executor or administrator of a deceased executor, administrator, guardian, or testamentary trustee respecting the receipts and disbursements of such deceased representative.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.