## MILDEBERGER v. FRANKLIN.

(Supreme Court, Appellate Division, First Department. March 19, 1909.)

1. TRUSTS (§ 298*)—ACCOUNTING—JURISDICTION.

   The Supreme Court has jurisdiction to settle a trustee's accounts and determine the terms of and enforce a trust of either real or personal property.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 417; Dec. Dig. § 298.*]

2. TRUSTS (§ 302*)—ACTION BY TRUSTEE FOR ACCOUNTING.

   A trustee has legal capacity to maintain an action in equity for settlement of his accounts.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 420; Dec. Dig. § 302.*]

3. PLEADING (§ 193*)—ACCOUNTING—JURISDICTION—DEMURRER.

   Objection that the Supreme Court will not entertain an action to settle a testamentary trustee's accounts, but will leave the same to be settled before the surrogate, except where special circumstances are alleged requiring the exercise of the powers of a court of equity, cannot be taken by demurrer, not being among the grounds of demurrer prescribed by Code Civ. Proc. § 484; but whether the Supreme Court will take jurisdiction is to be determined by it when the action is brought on for trial.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 431; Dec. Dig. § 193.*]

Appeal from Special Term, New York County.

Action by Elwood Mildeberger, as substituted trustee under the will of John F. Kellers, deceased, against Mary C. Franklin. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed, with leave to answer.

Argued before PATTERSON,. P. J., and INGRAHAM, Mc-LAUGHLIN, LAUGHLIN, and SCOTT, JJ.

McDougall Hawkes, for appellant.

Theodore H. Silkman, for respondent.

INGRAHAM, J.   The complaint alleges that John F. Kellers, of the city of New York, died in 1869, leaving a last will and testament and a codicil thereto, copies of which are inserted in the complaint. It was then alleged that one of the executors named in the will and codicil died and the other resigned, and the plaintiff was appointed substituted trustee under the said will; that the estate consisted of personal and real property located in the city of New York. The complaint further alleges that the life beneficiary has been in possession of the real property and received the rents and profits thereof, and has also received the interest on the personal property; that there has been no settlement of the plaintiff's accounts, and he therefore demands judgment that his accounts be taken and stated, and a decree entered therein judicially settling his accounts, and for other and further relief. To that complaint the defendant, the life beneficiary, demurred upon three grounds: First, that the complaint does not state facts sufficient to constitute a cause of action; second, that causes of action have been improperly united; and, third, that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff, as substituted trustee, has not legal capacity to sue. This demurrer was overruled, and the defendant appeals.

It is quite clear that the demurrer cannot be sustained upon either of the grounds stated. The complaint alleges all the facts essential for a decree judicially settling the trustee's accounts; the Supreme Court has jurisdiction to settle a trustee's accounts and determine the terms of, and enforce a trust of, either real or personal property; and a trustee has legal capacity to maintain an action in equity for the settlement of his accounts. The defendant, however, seeks to sustain this demurrer upon the ground that the Supreme Court will not entertain an action to settle a testamentary trustee's accounts, but will leave the same to be settled before the surrogate, except where special circumstances are alleged requiring the exercise of the powers of a court of equity. But this objection cannot be taken by demurrer. The grounds of demurrer to a complaint are specified in section 484 of the Code of Civil Procedure, and it is not there prescribed as a ground of demurrer that the Supreme Court, having undoubted jurisdiction over trustees and their accounts, should refuse to entertain such jurisdiction because the trustee's accounts can be more expeditiously and economically settled by the surrogate. We have held that in an ordinary action to settle the accounts of a testamentary trustee, where no special facts are alleged which render the interposition of a court of equity necessary or advantageous to the parties, the accounts of the trustee should be settled by the surrogate. Post v. Ingraham, 122 App. Div. 738, 107 N. Y. Supp. 737. But the question whether the Supreme Court would take jurisdiction should properly be determined by the court when the action is brought on for trial.

We do not determine in this case whether, upon the facts alleged, the intervention of the Supreme Court is necessary for the protection of the parties to this action. There is presented a question as to whether any trust is created, or whether the testamentary disposition of the testator's property granted a life estate for the life of the life beneficiary, with a remainder over; and by allowing the life beneficiary to collect the rents of the real property and the income of the personal property the parties seem to have acted upon such a construction of the will, and the further question is also presented as to the judgment that would be proper to protect the parties to the action, both in respect to the past and the future. But these questions should, I think, be left to be disposed of by the Special Term when the case is tried.

It follows that the judgment appealed from is affirmed, with costs, with leave to the defendant to withdraw the demurrer and answer within 20 days, upon payment of costs in this court and in the court below. All concur.