(68 Misc. Rep. 472.)

## CHILDS v. CHILDS.

(Supreme Court, Special Term, New York County. August 1, 1910.)

1. TRUSTS (§ 331*)—TESTAMENTARY TRUSTEES—SUIT TO REMOVE—JURISDICTION OF COURT.

Where a decree of the Surrogate's Court on a settlement of the account of a testamentary trustee prevents a suit in the Surrogate's Court for the removal of the trustee, the decree, having under Code Civ. Proc. § 2813, the effect of a judgment, prevents a suit in the Supreme Court for that purpose.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 331.*]

2. TRUSTS (§ 167*)—TESTAMENTARY TRUSTEES—SUIT TO REMOVE—JURISDICTION. OF COURT.

A plaintiff, suing in the Supreme Court for the removal of a testamentary trustee, must show that relief which the Surrogate's Court is unable to grant will be required on the ground that other parties will have to be brought into the case.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 167.*]

3. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—STATUTES.

The purpose of Code Civ. Proc. § 547, authorizing the court on motion at any time to give judgment on the pleadings, is to obviate the necessity of waiting until the trial to make motions on the pleadings which can be determined from an inspection of the pleadings, and where the Supreme Court must determine whether it has jurisdiction of an action to remove a testamentary trustee it may determine the question on a motion for judgment on the pleadings.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 350.*]

4. PLEADING (§ 193*)—TRUSTEES—SUIT FOR REMOVAL—WANT OF JURISDICTION OF COURT—DEMURRER.

The objection to the assumption of jurisdiction by the Supreme Court of a suit to remove a testamentary trustee cannot be taken by demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 431; Dec. Dig. § 193.*]

5. TRUSTS (§ 167*)—TRUSTEES—SUIT TO REMOVE—JURISDICTION OF COURT.

The Supreme Court will not take jurisdiction of a suit to remove a testamentary trustee, unless special facts are pleaded showing that the exercise of its jurisdiction is necessary.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 167.*]

Action by Irving W. Childs against Eversley Childs, individually and as sole trustee under the will of William H. Childs, deceased. On motion for judgment for defendant on the pleadings. Granted. See 124 N. Y. Supp. 1117.

Niles & Johnson (W. W. Niles, of counsel), for the motion.
Edwin R. Leavitt (Frederick H. Clarke, of counsel), opposed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J.  I think there is no doubt that the facts alleged in the complaint would give the Surrogate's Court jurisdiction to remove the trustee, and that that court would have power to give the plaintiff all the relief demanded in his complaint and all the relief to which the complaint shows him to be entitled.  If the decrees made by the Surrogate's Court on the former accountings stand in the plaintiff's way, they would do so equally in an action in this court as in a proceeding in the Surrogate's Court, Code Civ. Proc. § 2813; Bowditch v. Ayrault, 138 N. Y. 222, 231, 33 N. E. 1067; Matter of Elting, 93 App. Div. 516, 517, 518, 87 N. Y. Supp. 833; and cases cited.

The plaintiff argues that it may turn out that other parties will have to be brought in and other relief demanded of a character which the Surrogate's Court is unable to give.  The answer to this, however, is that the complaint must show, not merely that such relief may be required, but that it will be required (Matter of Smith, 120 App. Div. 199, 200, 105 N. Y. Supp. 223; Post v. Ingraham, 122 App. Div. 738, 739, 107 N. Y. Supp. 737; Pyle v. Pyle, 137 App. Div. 568, 122 N. Y. Supp. 256, 497, 568, 571, and cases cited); otherwise this court will refuse to take jurisdiction.  There can be no doubt that the Supreme Court has jurisdiction of a cause of action such as the present, and consequently a demurrer will not lie to the complaint for lack of jurisdiction (Mildeberger v. Franklin, 130 App. Div. 860, 115 N. Y. Supp. 903); but it seems to me that this is a proper case for an application for judgment upon the pleadings under section 547 of the Code of Civil Procedure.  If the court is to decline jurisdiction it seems eminently proper that it should be done upon an application of this kind at the outset of the case, rather than that the action should await its turn upon the trial calendar, only to be dismissed when reached after the delay and the unnecessary labor and expense of preparing for the trial.

As already noted, the objection to the assumption of jurisdiction by this court cannot be taken by demurrer, and it is consequently properly raised by motion at the trial.  Mildeberger v. Franklin, supra.  But the purpose of section 547 of the Code is to obviate the necessity of waiting until the trial to make motions which arise upon the pleadings and can be determined from an inspection thereof, and the practice is analogous to that on a motion to dismiss at the opening of the trial.  Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890; Schleissner v. Goldsticker, 135 App. Div. 435, 120 N. Y. Supp. 333.

The rule is so well settled that this court will not take jurisdiction of an action of this character, unless special facts are pleaded which show the exercise of its jurisdiction to be necessary, that the question whether or not jurisdiction will be assumed in a particular case can hardly be said any longer to rest in the discretion of the court.  But, even if it be regarded as a matter of discretion, I know of no principle which prevents the exercise of that discretion by the court sitting at the Special Term for the hearing of motions, while there are practical reasons in favor of the determination of such a question in that manner, rather than in the less deliberate way in which it would ordinarily be passed upon at the trial.

Motion granted, with $10 costs, with leave, however, to the plaintiff to serve an amended complaint within 10 days after the service of a copy of the order to be entered hereon, upon payment of such motion costs and the costs of the action. If such amended complaint be served and costs paid, the motion for judgment will be denied.