(140 App. Div. 105.)

DICKINSON v. POWERS.

(Supreme Court, Appellate Division, Third Department.  September 21, 1910.)

1. EXECUTORS AND ADMINISTRATORS (§ 44*)—DEATH OF PARTNER—TITLE TO ASSETS.

A firm, composed of N. and A., conducted a bank. After the death of N., the bank was continued by A. until his death, when his executor closed the bank and took possession of its assets before probate of the will or issue of letters. A depositor brought suit to enjoin the executor from interfering in any way with the assets and for a receiver. *Held* that, on the death of N., the legal title to the assets passed to A. as surviving partner, and hence, on his death, his personal representative had the right to administer on his estate, A. not being trustee of an express trust for the firm creditors, so as to vest the trust, on his death, in the Supreme Court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 295; Dec. Dig. § 44.*]

2. EXECUTORS AND ADMINISTRATORS (§ 77*)—RIGHTS OF EXECUTOR BEFORE ISSUE OF LETTERS.

It is not an unlawful interference for an executor to take possession of testator's property pending probate of the will to be taken care of, or to remove it to another place for safe-keeping; and, in the absence of allegations of incompetency, dishonesty or insolvency, or of wasting assets, such acts furnish no ground for the appointment of a receiver at the suit of a creditor.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 326–329; Dec. Dig. § 77.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. COURTS (§ 475*)—CONCURRENT JURISDICTION — SUPREME AND SURROGATE'S COURTS—DECEDENT'S ESTATES.

In an action in the Supreme Court, the complaint alleged the death of a private banker, that his executor, the defendant, pending an application for probate of his will had closed the bank and taken possession of the assets without giving any security, and had refused to pay plaintiff, a depositor, that the number of depositors was very large, the names being unknown to plaintiff, who were invited to come in and join in the suit. The prayer was for an injunction and a receiver. *Held*, that no facts were alleged showing that the Surrogate's Court could not afford all proper relief, the Surrogate being authorized to compel the prompt filing of an inventory, and to order discovery, and to marshal assets, so that the Supreme Court should not take jurisdiction, the rule being that, though the Supreme Court has jurisdiction of decedents' estates, it will not entertain a suit in equity in relation thereto, where relief can be had in the Surrogate's Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1232, 1234; Dec. Dig. § 475.*]

Appeal from Special Term, Rensselaer County.

Action by Sarah M. Dickinson against Joseph A. Powers. From an interlocutory judgment overruling a demurrer to the complaint, and from orders for an injunction and for the taking of certain depositions, defendant appeals. Reversed, demurrer sustained, and complaint dismissed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Thomas O'Connor and William J. Roche, for appellant.
H. D. Bailey, for respondent.

HOUGHTON, J. The action is brought in behalf of the plaintiff and all other persons similarly situated, and the complaint states that for a number of years Nathaniel B. Powers and Albert E. Powers conducted a banking business as copartners under the firm name and style of "Bank of D. Powers & Sons," in which deposits were made to "check accounts" and "interest accounts," and that a large number of people deposited money in such so-called bank, the aggregate amounting to upwards of $1,000,000, and that Nathaniel B. Powers died in July, 1905, and that the business was continued by Albert E. Powers as surviving partner until his death in June, 1910, when he died, leaving a will which named the defendant as executor, application for probate of which had been made at the time of bringing the action, but the same had not been probated; that on the death of Albert E. Powers the banking house was closed, and the defendant executor named in the will took possession of the same and the assets and property thereof, although no letters testamentary had been issued to him, and without giving any security therefor, and removed a portion of said assets, and that, although the plaintiff has demanded the balance of the deposit which she had had with the banking institution some years before the death of Albert, the defendant has refused to pay the same; that there are a large number of other depositors whose names she does not know, whom she invites to join in the litigation if they so desire, and she asks in the interest of her-

self and such persons that the defendant be enjoined from interfering with the assets, or selling or removing or disposing of the same in any manner, or administering or handling the same, and that a receiver may be appointed by this court to take charge of the affairs of such copartnership, and administer and distribute the same. The defendant demurred to the complaint on the grounds that it failed to state facts sufficient to constitute a cause of action, and that 'the court had no jurisdiction of the subject-matter involved. The demurrer was overruled, and from the interlocutory judgment entered thereon the defendant appeals.

We are of the opinion that the complaint does not state facts sufficient to constitute a cause of action. On the death of Nathaniel, the legal title to the partnership assets passed to the surviving partner, Albert. He did not take as trustee, but as surviving partner holding the legal title, subject, of course, to the equitable rights of the representatives of the deceased partner to have them applied to the payment of the firm debts and to the distribution to such representatives of any surplus. Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365, 4 Am. St. Rep. 460. Albert having the legal title to all assets and not being a trustee for the firm creditors, and being personally liable for all the firm debts, his personal representatives have the right to administer his estate. He was not trustee of an express trust in winding up the partnership as surviving partner and the closing up of the partnership, nor the administration of his estate did not necessarily devolve upon the Supreme Court upon his death. While in one sense he was trustee for the representatives of the deceased partner and also in a sense occupied a trust relation toward the partnership creditors, his trusteeship, of whatever character it may have been, was not such a one as on his death as matter of law passed to the Supreme Court for administration. Primarily, therefore, the right to further wind up the partnership affairs passed to his executor. No facts appear in the complaint, notwithstanding the large number of creditors and the large amount involved, requiring the court to assume jurisdiction and to take over the administration of the partnership affairs through the appointment of a receiver. It is not alleged that the defendant, who is named as executor, is incompetent or dishonest or insolvent, or that he is wasting the assets. It was not an unlawful interference with the assets for him to take charge of the testator's property prior to the actual probate of the will if it needed care or to remove it to another place for safe-keeping. The death of Albert occurred on the 17th day of June. Application for probate of the will was made by the defendant on the 30th day of June, and the complaint was verified on the 1st day of July. No unreasonable delay on the part of the defendant is shown. Letters testamentary have been issued and probate of the will has been had, as appears by the record on the appeal from the injunction order considered herewith.

While the Supreme Court has jurisdiction over the estates of decedents, an equitable action respecting such estates will not be entertained unless facts are pleaded showing that the case is one requir-

ing relief of such a nature that the Surrogate's Court is not competent to grant it, or that for some reason complete justice cannot be done in that court. Sanders v. Soutter, 126 N. Y. 193, 200, 27 N. E. 263; Post v. Ingraham, 122 App. Div. 738, 107 N. Y. Supp. 737. Without the allegation of such facts, the Surrogate's Court is the appropriate tribunal for the administration of estates. Hard v. Ashley, 117 N. Y. 606, 23 N. E. 177.

The defendant can be speedily compelled to file an inventory in the Surrogate's Court. Discovery of assets can be had therein, and how assets shall be marshaled can be determined. Until it shall be developed that the Surrogate's Court has not jurisdiction over such matters as may arise, the plaintiff and other depositors similarly situated have adequate remedy in Surrogate's Court, and have no right of action in the Supreme Court, and can allege no facts authorizing that court to take jurisdiction over the estate of the defendant's testator. In our view nothing is alleged in the complaint justifying the taking of the estate out of the ordinary and proper tribunal of the Surrogate's Court.

It therefore follows that the defendant's demurrer was well taken and improperly overruled.

The injunction order appealed from and the order for the taking of depositions of certain persons necessarily fall if the complaint states no cause of action. In any event, the injunction order should not have been granted.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained and the complaint dismissed, with costs, and the orders appealed from reversed, with $10 costs. All concur.