### MILDEBERGER v. FRANKLIN et al.

(Supreme Court, Special Term, New York County. January 16, 1911.)

1. TRUSTS (§ 254*)—SUIT BY TESTAMENTARY TRUSTEE—JURISDICTION.

The Supreme Court, and not the Surrogate's Court, has jurisdiction of a suit by a testamentary trustee to require beneficiaries to account for rents collected by them, though the surrogate could pass on the trustee's accounts as to rents collected by him.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 361; Dec. Dig. § 254.*]

2. WILLS (§ 676*)—CONSTRUCTION—TRUSTS.

A will giving net rents for life, devising testator's property to the beneficiary's children at her death, and directing the executors to pay taxes and other expenses of the property, created an implied trust.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1591, 1592; Dec. Dig. § 676.*]

3. TRUSTS (§ 183*)—COLLECTIONS BY BENEFICIARIES—ACCOUNTING.

Beneficiaries, under a will giving one of them a life estate and directing that at her death the property go to her children, act in a fiduciary capacity in collecting rents, and can be required to account therefor in equity.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 237; Dec. Dig. § 183.*]

Action by Edward Mildeberger, substituted trustee under John F. Keller's will, against Mary C. Franklin and another. Judgment for plaintiff.

See, also, 130 App. Div. 860, 115 N. Y. Supp. 903.

Fettretch, Silkman & Seybel (Joseph Fettretch, of counsel), for plaintiff.

Ruford Franklin, for defendants.

GIEGERICH, J. The plaintiff brings this action as a substituted testamentary trustee to procure a settlement and adjudication of his accounts for the receipt of rents of certain real estate. Under the provisions of the will in question the executors were directed to keep

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the buildings belonging to the estate insured and in good repair and condition and to pay all taxes and assessments and other expenses. The complaint further alleges that the rents of the real estate were received by the plaintiff for several years, and then, at the request of the defendants, the plaintiff allowed them to collect the rents themselves, and that since such rents have been collected by the defendants the plaintiff has had no account thereof. The relief demanded is that the accounts be taken and stated and settled, and that the acts of the trustee be ratified and confirmed, and for such other relief as may be equitable. The only defendants named are Mary C. Franklin and Ruford Franklin. To Mary C. Franklin the testator gave, after the termination of a life estate in his widow, whose death was conceded upon the trial, the net rents of his property during her life. Upon her decease, it was provided that all his property should go to her children, share and share alike. It does not appear from the pleadings who Ruford Franklin is, but it may be inferred from some things said upon the trial that he is the only child of Mary C. Franklin.

The right of the plaintiff to maintain his action in this court is challenged on the ground that the Surrogate's Court has power to grant all the relief necessary, and, consequently, that this court should not entertain the action. Post v. Ingraham, 122 App. Div. 738, 107 N. Y. Supp. 737; Mildeberger v. Franklin, 130 App. Div. 860, 115 N. Y. Supp. 903; Pyle v. Pyle, 137 App. Div. 568, 122 N. Y. Supp. 256; Childs v. Childs, 68 Misc. Rep. 472, 124 N. Y. Supp. 550. In this case, I am by no means satisfied that the surrogate would have the powers necessary to a disposition of all the matters involved. The surrogate would undoubtedly have power to pass upon the plaintiff's accounts so far as concerns the rents that he himself collected; but, when it comes to the rents which he permitted the defendants to collect, I am not aware of any power in the surrogate to require the defendants to make any accounting for the rents so collected by them. As I construe the will, it created a trust; not expressly, it is true, but by necessary implication, in order to effectuate the intention of the testator. Ward v. Ward, 105 N. Y. 68, 11 N. E. 373; Morse v. Morse, 85 N. Y. 53; Marx v. McGlynn, 88 N. Y. 357; Close v. Farmers' Loan & Trust Co., 121 App. Div. 528, 106 N. Y. Supp. 329. Consequently, the defendants, in collecting and disposing of the rents in place of the plaintiff trustee, acted in a fiduciary capacity, and can be required in a court of equitable powers to account for the rents so collected by them.

Even if it be assumed—although there is no allegation nor proof to that effect—that the defendant Ruford Franklin is the only child of the defendant Mary C. Franklin, and the only one at present interested in the remainder, it does not follow that he and his mother, the beneficiary for life of the net income, are entitled to administer the trust estate and dispose of the rents as they see fit. Under the provisions of the will repairs are to be made, and taxes, assessments, and other charges paid; and even if the defendant Ruford Franklin is at this time the only child, it may be at his mother's death there will be others interested in or entitled to the remainder. It is the duty

of the plaintiff to see to it that the trust is administered in accordance with the directions of the testator, and it would be the duty of the court, quite irrespective of the attitude of the plaintiff, to see to it that the trust has been and will be properly administered. A complete inquiry in this regard will draw into the account the acts of the defendants, and therefore the broad powers of a court of equity will be required.

There should be judgment for the plaintiff accordingly. A decision and judgment in conformity with the views above expressed may be submitted upon the usual notice of settlement. The question of costs will·be determined upon the settlement of the decision and judgment.