THE BANKERS SURETY COMPANY, Respondent, *v.* CHRIS-
TIAN D. MEYER et al., as Administrators of the Estate
of FREDERICK MEYER, Deceased, Appellants.

Decedent's estate — action to have notes, made by decedent but
not yet due, declared valid and subsisting claims against dece-
dent and entitled to share in the distribution of his estate.

Plaintiff alleges that it is the holder of promissory notes made
by plaintiff's intestate which are not yet due and which will not
become due for several years; that the defendants have rejected the
claim therefor which has been presented to them, and that there is
danger that the said estate will be distributed, paid out or dissi-
pated without paying or adequately securing the claim of plaintiff
unless plaintiff's claim is approved and established in this action
as a valid and subsisting claim against it.  The relief demanded
is that said notes be declared good and valid instruments, and that
enough of the property in the hands of defendants as representatives
of the estate of the maker of said notes be set aside to meet said
notes as they become due on their respective dates of maturity.
*Held*, that since there is no provision in the Code of Civil Procedure
which affords adequate protection, this action may be maintained
to establish the validity of the notes and that the plaintiff is a
creditor of the estate of the decedent and entitled to share in its
distribution, but that it is not necessary to provide in the judgment
that the defendants set apart sufficient funds with which to meet
the notes, that being provided for by the Code if this action is sus-
tained.  (*Ludington* v. *Thompson*, 153 N. Y. 499, followed.)

*Bankers Surety Co.* v. *Meyer*, 146 App. Div. 867, affirmed.

(Argued March 18, 1912; decided April 9, 1912.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered November 17, 1911, which reversed an
order of Special Term denying a motion by plaintiff for
judgment on the pleadings and granted said motion, with
leave to defendants to withdraw their demurrer and
serve an answer.

The following question was certified: "Does the com-
plaint state facts sufficient to constitute a cause of
action?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Rudolph F. Rabe* for appellants.   The plaintiff has a remedy at law, which, although it is postponed for two years, is adequate.   (*Matter of Callahan*, 152 N. Y. 320; *Matter of Randall*, 152 N. Y. 508.)

*William H. Hamilton, Norman C. Conklin* and *Edward J. Dowling* for respondent.   Equity will entertain an action to establish the status of a creditor and his interest in a trust fund.   When a person dies his estate becomes a trust fund for the benefit of all his creditors. (*Ludington* v. *Thompson*, 153 N. Y. 499; *Blood* v. *Kane*, 130 N. Y. 514; *Thomas* v. *Troy Nat. Bank*, 19 Misc. Rep. 470; *Buckhout* v. *Hunt*, 16 How. Pr. 407; *Wager* v. *Wager*, 89 N. Y. 161; *Haddon* v. *Lundy*, 59 N. Y. 320; *Agne* v. *Schwab*, 123 App. Div. 746; *Babcock* v. *Booth*, 2 Hill, 181; *Bate* v. *Graham*, 11 N. Y. 237; *Harvey* v. *McDonald*, 113 N. Y. 526; *De Coppet* v. *Cone*, 199 N. Y. 60.)   The complaint shows that more than eighteen months have elapsed since the granting of letters of administration, and the plaintiff would be entitled to an accounting in the Surrogate's Court as a matter of right if its claim were not disputed.   The plaintiff is entitled to such relief as will enable it to obtain an accounting at once; upon which accounting it will be entitled to immediate payment, or to the deposit of a fund to meet the notes when they mature.   (*Matter of Whitehead*, 38 App. Div. 319; Code Civ. Pro. §§ 2727, 2743, 2745; *Matter of Gall*, 182 N. Y. 270; *Matter of Edmonds*, 47 App. Div. 229; *Matter of Clauss*, 16 App. Div. 34; *Matter of Callahan*, 152 N. Y. 320; *Steinway* v. *Von Bermuth*, 59 App. Div. 261; *Ludwig* v. *Bungart*, 48 App. Div. 613; *Sanders* v. *Soutter*, 126 N. Y. 193; *Matter of Ranney*, 138 App. Div. 755.)   A creditor holding a series of claims maturing from five to nine years hence, which have been rejected, has no adequate remedy at law.   (*Haddow* v.

*Lundy*, 59 N. Y. 320; *Milderberger* v. *Franklin*, 130 App. Div. 860; *Pyle* v. *Pyle*, 137 App. Div. 571; *Association* v. *Beekman*, 21 Barb. 565; *Walton* v. *Stewart*, 16 N. Y. Supp. 38.)

HISCOCK, J. The motion for judgment in this case was made on the complaint and demurrer thereto, and presents the question whether the complaint sets forth a cause of action.

Aside from formal allegations it alleges that the plaintiff is the owner and holder of five promissory notes in the sum of $1,200 each, made by defendants' intestate and payable with interest, one note on or before December 15th in each year commencing in 1914; that on or about November, 9, 1909 plaintiff presented its claim on said notes to defendants as administrator and administratrix, respectively, of the estate of the maker of the notes, and that said claim was refused and rejected and plaintiff's time within which to proceed by action on said notes was extended to December 15, 1910; that no part of the claim has been paid, "and there is danger that the said estate will be distributed, paid out or dissipated without paying or adequately securing the claim of plaintiff unless plaintiff's claim is approved and established in this action as a valid and subsisting claim against said estate." The relief demanded is that said notes be declared good and valid instruments and that enough of the property in the hands of defendants as representatives of the estate of the maker of said notes be set aside to meet said notes as they become due on their respective dates of maturity.

We agree with the conclusion reached by Mr. Justice SCOTT, writing in behalf of the Appellate Division, that this complaint did state facts sufficient to entitle the plaintiff to equitable relief. Without such relief it is subject to the danger of losing its claim even if finally adjudged to be a valid one for there is no provision in the Code which affords adequate protection.

Various statutory provisions relating to the administration of decedents' estates taken together adequately protect the holder of an admitted claim not due or the holder of a disputed claim due or presently becoming due.

If the executor or administrator doubts the justice of a claim presented to him he may enter into an agreement with the claimant to refer the matter in controversy. (Section 2718.)

Also, if an executor or administrator disputes or rejects a claim he may consent that the claim may be heard and determined on the judicial settlement of his accounts. (Sections 1822, 2743.)

Unless such consent is filed the claimant must commence an action against the executor or administrator within six months after the dispute or rejection, or within six months after the debt or a part of it becomes due. (Section 1822.)

And independent of these provisions and subject to certain disadvantages in the way of costs a claimant may at any time when his debt is due commence an action against an executor or administrator.

If the validity of a debt is established the decree on the settlement of the accounts must provide for its payment. If an admitted debt is not due and the creditor will not accept present payment, or if an action is pending between the executor or administrator and a person claiming to be a creditor of the decedent, the decree on settlement of the accounts must direct that a sum sufficient to satisfy the claim be retained or deposited for the purpose of being applied to the payment of the claim when it is due, recovered or settled.   (Sections 2719, 2743, 2745.)

None of these provisions adequately protect the present plaintiff.   While it is not specifically alleged that the administrators have not consented either to a reference of the claim or to have the same judicially determined on their accounting, that is to be inferred from the allegations and is assumed by the defendants to be the con-

struction of the complaint if indeed it was necessary for it to allege these negative propositions. Therefore, no provision by consent of the defendants is made for determining the validity of the claim, and without such consent no action can be maintained until after December 15, 1914, when the first note will become due. The statutory provision for retaining sufficient funds to provide for a claim not due is not applicable, for plaintiff's claim is not admitted and no action now is or for some time to come can be pending thereon against the administrators unless such an one as this may be maintained. While the plaintiff may be cited on an accounting, it does not appear that it can gain any advantage by becoming a party to such an accounting, but on the other hand might suffer some disadvantage therefrom. (Sections 2728, 2743.)

Defendants were appointed on or before November 9, 1909, and a period will elapse before the first note becomes due in December, 1914, within which under ordinary circumstances the estate will be distributed, if not otherwise dissipated and lost, as alleged in the complaint. Therefore, if finally plaintiff shall establish the validity of its claim by ordinary action at law on the notes, it is reasonable to apprehend that the estate at least will have been distributed, and that although plaintiff may fully establish the validity of its claim, its right to collect the same will be impeded and imperilled, if not destroyed and lost, by the scattering of the estate amongst the distributees who may or may not be responsible. If it has power to act, a court of equity ought not to permit such a result, and allow defects in statutory provisions under the obstructive methods of the decedent's representatives thus to grow into a bar standing between a creditor and the collection of a just debt. The circumstances plainly appeal to the court for relief, and I think it has the power to give it.

There is no doubt that in a broad and fundamental

sense the representatives of a decedent hold his estate as a trust fund for the payment of his debts. (*Blood* v. *Kane*, 130 N. Y. 514.)

Ordinarily, where the Surrogate's Court has ample power to protect the rights of the parties by enforcing a just and proper administration of a decedent's assets, the Supreme Court will not undertake the administration of his estate. But it is well established that when a Surrogate's Court with its limited jurisdiction is unequal to the task of grappling with special circumstances, the Supreme Court will entertain jurisdiction and avoid a failure of remedy or a miscarriage of justice. (*Hard* v. *Ashley*, 117 N. Y. 606; *Haddow* v. *Lundy*, 59 N. Y. 320, 326; *Matter of Smith*, 120 App. Div. 199; *Post* v. *Ingraham*, 122 App. Div. 738.)

This is a case within the exception, and the form of the relief which plaintiff asks is sanctioned by authority as well as principles of justice. It does not seek to recover a judgment on its notes. It asks that an action may be maintained to establish their validity and that the plaintiff is a creditor of the estate of the decedent and entitled to share in its distribution. This in principle is what was authorized in *Ludington* v. *Thompson* (153 N. Y. 499), where it was held that one claiming to be a creditor of a corporation in the hands of a receiver might maintain an action to establish the validity of his claim and his status as a creditor for purposes of distribution. Judge Andrews, writing for the court, said in language quite applicable to the present situation: "It is important to notice the real nature of the action. It is in form an action on the notes. * * * In fact it is an action to ascertain and establish the status of the plaintiff as a creditor of the corporation, and as such entitled to share in the distribution of its assets in the hands of the receiver. * * * The statute authorizing proceedings for the voluntary dissolution of corporations prescribes a method for ascertaining the claims of creditors. * * * But this method

is not, we conceive, exclusive.   *   *   *   Whether the validity of a claim is ascertained by a summary reference or by action, the purpose of each proceeding is the same, to procure an adjudication for the guidance of the receiver in administering the estate of the corporation." (p. 503.)

In *Petrie* v. *Voorhees* (18 N. J. Eq. 285) it was held that where there is a debt of a testator to be paid at a future day a court of equity has power to order that sufficient assets for the discharge of it be retained and secured by the executor before distribution of the estate; that there is no adequate remedy at law in such a case and the creditor ought not to be left to follow the legatees. (See, also, *Johnson* v. *Mills*, 1 Vesey, Sr., 282.)

The prayer for relief in one respect goes farther than is necessary. It asks for a specific provision in the judgment requiring the defendants to set apart sufficient funds with which to meet the notes. With this action pending and resulting, if plaintiff succeeds, in establishing the validity of its claim, the sections of the Code already cited make sufficient provision for setting apart and retaining funds without any provision in the judgment. With this suggestion, the question certified to us should be answered in the affirmative and the order of the Appellate Division reversing the order of the Special Term and granting the motion for judgment be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur.

Order affirmed.