indirectly, and that his assertion of possession is denied by the physical fact that there is occupation under an adverse title.

The order and interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to plead over within 20 days upon payment of such costs.

---

### ELDERT v. CROSS COUNTRY R. CO. et al.

(Supreme Court, Appellate Division, Second Department. November 27, 1914.)

Appeal from Special Term, Queens County.

Action by Luke Eldert against the Cross Country Railroad Company and others. From an interlocutory judgment for plaintiff, defendant Sarah Maria Streeter appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

PER CURIAM. Orders affirmed, with $10 cost and disbursements, on the authority of Eldert v. Cross Country R. R. Co., 150 N. Y. Supp. 220, decided herewith.

---

(87 Misc. Rep. 128)

### In re PRAETZ.

(Supreme Court, Special Term, Kings County. October, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 375*)—JURISDICTION OF SURROGATE'S COURT—APPROVAL OF SALE—ASSIGNMENT FOR BENEFIT OF CREDITORS.

    Where executors have carried on the business of their decedent without authority, the Surrogate's Court has no jurisdiction to grant an application by the executors' assignee for the benefit of creditors for the approval of his sale of decedent's realty.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1529–1538; Dec. Dig. § 375.*]

2. EXECUTORS AND ADMINISTRATORS (§ 139*)—ASSIGNMENT FOR BENEFIT OF CREDITORS—SALE BY ASSIGNEE—VALIDITY.

    Where executors have without authority carried on the business of their decedent, a conveyance by their assignee for the benefit of creditors of realty assigned to him by the executors is void.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 567; Dec. Dig. § 139.*]

In the matter of the general assignment of Joseph J. Praetz, as executor and trustee under the last will and testament of John Praetz, deceased, to Redmond Kersey, Jr., for the benefit of creditors. On motion by the assignee for approval of his sale of realty. Denied.

George M. Schinzel, of Brooklyn, for assignee.

CRANE, J. [1, 2] This is most decidedly a very unique proceeding. Two executors have made a general assignment for the benefit of creditors under the Debtor and Creditor Law (Consol. Laws, c. 12). The assignment states that they have been doing business under the name and style of "the Estate of John Praetz." Executors and testamentary trustees are generally subject to the jurisdiction of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Surrogate's Court. In Bankers' Surety Co. v. Meyer, 205 N. Y. 219, 98 N. E. 399, Ann. Cas. 1913D, 1218, it was held:

"Ordinarily, where the Surrogate's Court has ample power to protect the rights of the parties by enforcing a just and proper administration of a decedent's assets, the Supreme Court will not undertake the administration of his estate. But it is well established that when a Surrogate's Court with its limited jurisdiction is unequal to the task of grappling with special circumstances, the Supreme Court will entertain jurisdiction and avoid a failure of remedy or a miscarriage of justice."

This is not such a case. Nowhere does it appear that the executors were given power to carry on business. If not, this court has no jurisdiction, and if they did have the power the debts subsequently accruing could not be collected out of the estate of the deceased to the exclusion of prior creditors. The powers and liabilities of executors continuing business are fully set forth in Willis v. Sharp, 113 N. Y. 586, 21 N. E. 705, 4 L. R. A. 493, and Redfield, Surrogate's Court Practice (6th Ed.) § 611.

The assignee for the benefit of creditors asks this court to approve his sale of real estate. If this be the real estate of the deceased a conveyance by the assignee, even with the approval of this court, would be absolutely void. Real estate of a deceased person cannot be thus disposed of for the benefit of creditors. But, even if this were the assignment of persons in their individual capacity, this court has no right to approve or disapprove sales except upon accounting or as provided in section 24 of Debtor and Creditor Law. The assignee is not an officer of this court.

Application denied.