In the Matter of the Estate of ISAAC JACOBY, Deceased.

Surrogate's Court, New York County, March 12, 1946.

*Lawrence I. Gerber* and *Gerson T. Margolish* for Charles Jacoby, petitioner.

*Nathan, Mannheimer, Asche & Winer* for Ralph E. Loewenberg, respondent.

*J. George Levy* for Rose Jacoby, respondent.

DELEHANTY, S. The son of deceased instituted this proceeding to compel the executor to deliver to him ninety-six United States Bonds, Series E, some of which were registered in the names

of deceased and petitioner as co-owners and the remainder in the name of deceased payable on death to petitioner. The estate of deceased is alleged to amount to less than $10,000.

Prior to the institution of this proceeding the widow of deceased commenced an action in the Supreme Court against petitioner and the executor on the ground that the designations of petitioner as co-owner and beneficiary were made without consideration while deceased was insolvent and were in fraud of the rights of the widow as a creditor of deceased. It is alleged that prior to the purchase of the bonds, deceased was indebted to his wife in a sum in excess of $21,000 under a separation agreement. The complaint demands that the executor redeem the bonds and pay the proceeds to plaintiff as a creditor of deceased. By answer in the pending proceeding the widow recites the commencement of the separate action and prays for the dismissal of the petition.

Petitioner contends that he is the owner of the bonds (*Matter of Deyo,* 180 Misc. 32) and that he is entitled to immediate possession of them irrespective of the validity of the claim asserted by the widow in the Supreme Court action.

It has been declared by statute that the right of a payee of a nontransferable United States Savings Bond to receive payment of such bond according to its terms " shall not be defeated or impaired by any statute or rule of law governing transfer of property by will or gift or an intestacy, *provided, however, that nothing herein shall limit article ten of the debtor and creditor law* or section one hundred twenty-four of the decedent estate law." (Personal Property Law, § 24.) (Emphasis supplied.)

The complaint in the Supreme Court action is predicated upon article 10 of the Debtor and Creditor Law. Petitioner could not succeed in this proceeding without litigating the same issues as have been raised in the action instituted by the widow. It is an established rule that " where separate actions have been instituted between the same parties in reference to the same subject-matter in courts having concurrent jurisdiction the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it." (*Colson* v. *Pelgram,* 259 N. Y., 370, 375; *Matter of Andrews,* 172 Misc. 373.)

Since the Supreme Court first obtained jurisdiction, the present proceeding must be dismissed without prejudice.

Submit, on notice, decree accordingly.