**In the Matter of the Estate of ROBERT W. TAYLOR, Deceased.**

Surrogate's Court, Orange County, December 15, 1947.

*Henry Hunter* for judgment debtor.

*Henry Hirschberg* and *Ernest M. Levinson* for judgment creditor.

TAYLOR, S. Limited letters of administration were issued out of this court upon the estate of Robert W. Taylor, deceased, for the purpose of instituting an action against Charles Yukoweic to recover damages for the death of said decedent, due to the alleged negligence of said Yukoweic. That action was tried in the Supreme Court and resulted in a substantial verdict for the plaintiff. Execution has been issued upon the judgment and certain property of the judgment debtor sold. The judgment creditor is endeavoring to reach other property of the judgment debtor, and although the papers go into detail with respect to the efforts of the judgment creditor to collect and the judgment debtor to evade payment, this court is not at this time concerned with those details.

The judgment debtor has appealed from the judgment to the Appellate Division of the Supreme Court and has posted no bond or undertaking to stay execution of the judgment, alleging that his financial situation is such that he could not obtain the necessary bond or undertaking. The judgment debtor says that he fears that if this judgment is reversed upon appeal the moneys collected from him will have been distributed and that he will be unable to obtain their refund.

Counsel for the judgment debtor relies upon section 269 of the Surrogate's Court Act. He has endeavored to read something into that statute which is not there. The statute authorized the court to decree that a certain sum be set aside or earmarked if it appears that (1) there is an admitted debt of the decedent not yet due, or (2) there is a debt not yet due which has been disputed, or (3) there is an action pending between the fiduciary and a person claiming to be a creditor of the decedent, or (4) where a controversy arises on the judicial settlement respecting the right of a party to share in the fund, or other personal property, and that it has not been determined. The difficulty with the movant's position is that he is not a creditor, not even a potential creditor, and obviously he has no right to share in the estate funds; in fact he is a judicially established debtor.

No part of that portion of section 269 of the Surrogate's Court Act which was amended by chapter 343 of the Laws of 1939 has any application, for that was prompted by situations arising out of the recent war and the unlikelihood (and in some instances positive knowledge) that legacies to alien nationals would ever reach them. See note appended to the section.

*Bankers Surety Company* v. *Meyer* (205 N. Y. 219) is inapplicable for in that case plaintiff was the holder of undue promis-

sory notes made by defendant's intestate — plaintiff was a creditor of decedent.

*Matter of Henshaw* (37 Misc. 536) presented a stronger case for relief than the movant here presents. There the decedent had leased real property and covenanted that at the expiration of the term he would purchase the building at a figure to be agreed upon or determined by arbitration. The learned Surrogate held that the applicant did not bring himself within the provisions of the statute, then a part of the Code of Civil Procedure.

The Surrogate appreciates the position of the judgment debtor but if he is to have protection in a manner other than filing a bond or undertaking in connection with his appeal from the judgment, he must look to the Legislature to provide the means. The application is denied.

Order may be settled by consent or upon three days' notice.