Vincent A. Lupiano, J.
This is a special proceeding under article 79 of the Civil Practice Act to settle the accounts of Amory S. Carhart, as trustee under the last will and testament of Isadora Leech Bliss, deceased.
There are no objections to the accounting and the only question is whether this court should exercise jurisdiction, concurrent with the Surrogate’s Court.
The testatrix died a resident of the State of California in 1930. Thereafter, her will was admitted to probate by the Superior Court of California. The will created two residuary trusts which are the subject of this proceeding. The trusts provided a life interest for each of the two daughters of the testatrix and upon their death, the principal was to be distributed to their children “who may be living at said time.” One of the life beneficiaries died in 1956, survived by two children. The petitioner trustee seeks a judicial settlement for this trust and an intermediate accounting for the other.
Article 79 of the Civil Practice Act provides the present procedure for the judicial settlements of express trusts in the Supreme Court. Section 1307 of article 79 defines express trusts as either inter vivos or testamentary. However, in commenting upon section 1307, the Judicial Council stated in the Ninth Annual Report and Studies (1943) at page 308: “ The inclusion of trusts created by will in the definition is not intended to diminish in any respect the jurisdiction of the Surrogate’s Court over such trusts, but simply to recognize the historic fact of the Supreme Court’s concurrent jurisdiction over all trusts, and to permit the Supreme Court, where it would otherwise take jurisdiction, to do so by a special proceeding rather than by action. The Supreme Court, as the successor to the Court of Chancery, has jurisdiction of all *598 trusts, testamentary or inter vivos (Husted v. Thompson, 158 N. Y. 328; Matter of Runk, 200 N. Y. 447, 460). It will not, however, take jurisdiction of testamentary trust accountings unless there is some special reason for not proceeding in the Surrogate’s Court (Post v. Ingraham, 122 App. Div. 738; Matter of Smith, 120 App. Div. 199).”
The holding in Post v. Ingraham (supra) is based upon sound policy. For a probate court is better equipped to handle matters involving testamentary trusts where the judicial accounting of the trust is merely a continuation of a prior probate proceeding. Thus in Matter of Ranft (268 App. Div. 136) where the Surrogate’s Court actually appointed the trustee in a prior proceeding, the court held that the trust accounting should properly be before the Surrogate. (Also Lawrence v. Littlefield, 215 N. Y. 561; Noll v. Ruprecht, 256 App. Div. 926, affd. 282 N. Y. 598.)
There is, moreover, the question of the service of necessary parties in an accounting proceeding. Section 1311 of the Civil Practice Act requires that only representatives of a class of contingent remaindermen be served, while subdivision 10 of section 262 of the Surrogate’s Court Act requires a more extensive service upon all contingent remaindermen. Accordingly, this court must, with circumspection, exercise its concurrent jurisdiction over testamentary trusts where there are contingent remaindermen.
However, with respect to testamentary trusts created in foreign States, this court has exercised jurisdiction. (National City Bank of N. Y. v. Beebe, 131 N. Y. S. 2d 67 [Supreme Ct., N. Y. County, Special Term, Part I, 1954].) This is not inconsistent with the above-stated policy nor with the general rule that where the Surrogate’s Court has assumed full and complete jurisdiction over an application, such- jurisdiction should be continued and attempts to invoke the jurisdiction of the Supreme Court over the same subject matter should be denied. (Matter of Raymond v. Davis, 248 N. Y. 67.) For unless there are ancillary probate proceedings in New York, the Supreme Court may, in the first instance, properly exercise its concurrent jurisdiction to settle a foreign testamentary trust without interfering or conflicting with any continuing jurisdiction of the Surrogate’s Court.
In this proceeding it appears that by order of the Superior Court of California in 1931, there was distributed to the petitioner the property constituting the residuary trust created by the will of Isadora Leech Bliss. At that time the corpus of the trust, consisting of personal property, was located in New York. *599 The trastee was a resident of New York. It does not appear that the trustee was appointed by the Surrogate nor were there any ancillary probate proceedings in this State. Thus this court has not invaded the jurisdiction of the Surrogate’s Court. All contingent remaindermen (Matter of Vizelich, 129 Cal. App. 347) appear to have been properly served. Moreover, there was an intermediate accounting in the Supreme Court of Richmond County in 1942. In the interest of consistency and the orderly administration of justice, the jurisdiction of the Supreme Court should be continued with respect to this accounting. (Matter of Lehman, 284 App. Div. 888; Millard v. McFadden, 185 Misc. 771; Matter of Jacoby, 188 Misc. 785.) Accordingly, the motion is granted. Order signed.