## ZUCKERMAN v. WITKOWSKI.

(Supreme Court, Appellate Term.   March 5, 1909.)

1. DISMISSAL AND NONSUIT (§ 19*)—RIGHT TO DISMISS—COUNTERCLAIM.

The court in its discretion may deny a motion to discontinue on payment of costs, where a counterclaim has been interposed.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 34; Dec. Dig. § 19.*]

2. DISMISSAL AND NONSUIT (§ 19*)—RIGHT TO DISMISS—ABUSE OF DISCRETION.

Plaintiff sued for breach of a contract to purchase 800 gross boxes "Radium Corn Cure" each year for 10 years, commencing September 25, 1906, at $10 per gross boxes, claiming $1,730 damages for defendant's failure to purchase the required amount during the year ending September 26, 1907. Defendant answered, alleging a breach of warranty and counterclaiming for $41,000 damages from plaintiff's breach of contract and warranty. Plaintiff applied to dismiss in order to bring another action in the Supreme Court on the same cause for $35,000 damages, claiming that he sued originally for one year only because of bad advice of his former counsel, and desired to sue for damages for the entire 10 years, because if he recovered in the present action, the judgment would probably bar any recovery in another suit on the same cause of action. *Held* that, since defendant would suffer no particular hardship from the granting of the motion, a denial thereof was erroneous.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Dec. Dig. § 19.*]

Appeal from City Court of New York.

Action by Joseph Zuckerman against Ignatz Witkowski.   From an order of the New York City Court, denying plaintiff's motion to discontinue the action, he appeals.   Reversed.   Motion granted.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Stroock & Stroock (S. M. Stroock and H. L. Moses, of counsel), for appellant.

David W. Rockmore, for respondent.

PER CURIAM.   The action is for a breach of a contract, under which plaintiff was to sell to defendant 800 gross boxes of "Radium Corn Cure" each year for ten years, commencing September 25, 1906, at $10 per gross boxes.   Plaintiff claims that defendant did not purchase the number of boxes required by the contract during the year ending September 26, 1907, and plaintiff sues for $1,730 damages. Defendant claims that plaintiff sold inferior and poisonous stuff, in violation of the terms of the contract, and not as represented and warranted, and defendant demands that the complaint be dismissed, and counterclaims $41,000 damages arising from plaintiff's breach of contract and warranty.   Plaintiff in his reply denies the counterclaim. The case was noticed for trial and placed upon the calendar for April, 1908, and subsequently plaintiff made a motion to place the case on the short-cause calendar, which motion was denied.   The defendant, in response to plaintiff's demand, served a long bill of particulars of his counterclaim.   Plaintiff thereafter made a motion to discontinue the action on payment of costs.   This motion was denied, and plaintiff appeals from the order denying said motion.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Where a counterclaim has been interposed, plaintiff has no absolute right to discontinue on payment of costs, and the court may in its discretion deny the same. Plaintiff desires to discontinue because he wants to bring another action in the Supreme Court on the same cause of action for $35,000 damages. He claims that it was owing entirely to the bad advice of his former counsel, in which he trusted, that he brought this action for the damages for the first year only, instead of suing for the damages for the entire ten years, and his present attorney advises him that, under the decisions of this court and of the Court of Appeals, there is a strong probability that, in the event that a trial be had in this case, and of the success therein of the plaintiff, the judgment so recovered would be a bar to any further recovery by plaintiff, in any other suit on the same cause of action, for breach of the contract in suit, for the reason that the contract is an entire one, and plaintiff should seek to recover all the damages suffered and to be suffered for the ten years of the contract, instead of the damages for the first year only. It does not appear that any particular hardship would result to defendant from a granting of the motion to discontinue on payment of costs, as defendant could set up his counterclaim in the action to be brought in the Supreme Court. It seems to us that the motion should have been granted.

Order reversed, and motion granted, without costs of this appeal to either party.