(93 Misc. Rep. 384)

## In re McTEVEY'S ESTATE.

(Surrogate's Court, Saratoga County.   January, 1916.)

1. COSTS ⬤⟹277(1)—REMEDIES FOR COLLECTION—STAY OF PROCEEDINGS.

   Where a motion to vacate an execution and restrain an execution sale was denied in the Supreme Court, with costs, for lack of jurisdiction, the fact that the 10 days allowed for payment of the costs has not expired does not affect the right of the adverse parties to a stay of a new motion in Surrogate's Court for the same relief until payment of the costs of the former motion.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048, 1058; Dec. Dig. ⬤⟹277(1).]

2. COSTS ⬤⟹277(6)—REMEDIES FOR COLLECTION—STAY OF PROCEEDINGS.

   Code Civ. Proc. § 779, providing for stay of proceedings till payment of costs of a motion, applies to a renewal of a motion in the Surrogate's Court for the same relief which has been denied, with costs, in the Supreme Court.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1055, 1056; Dec. Dig. ⬤⟹277(6).]

3. EXECUTION ⬤⟹163—VACATION—MOTION.

   A preliminary objection to a motion to vacate an execution and restrain a sale thereunder, on the ground that the order to show cause, by which the application was instituted, was granted by the county judge of another county, is obviated by the making of an order by the Surrogate at the return of the show-cause order returnable forthwith on the motion papers.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 473–483; Dec. Dig. ⬤⟹163.]

4. EXECUTION ⬤⟹161—VACATION—GROUNDS.

   Where a judgment admitting a will to probate allowed costs to the proponent of another will, an execution for such costs against the interest of an administratrix appointed after the probate, personally, in lands formerly belonging to the decedent, should be vacated.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 467–471; Dec. Dig. ⬤⟹161.]

5. EXECUTION ⬤⟹163—VACATION—CONDITION IN ORDER.

   Where a motion to vacate an execution and restrain an execution sale has been denied in the Supreme Court, with costs, for want of jurisdiction, and on renewal of the motion in Surrogate's Court it is determined that the movant is entitled to the relief asked, but the adverse party asks for stay of proceedings till costs on the former motion have been paid, the renewed motion will be granted on condition that the costs of the former motion be paid within three days after service of the order; otherwise, the application will be dismissed, with costs, with leave to renew the motion on payment of costs of all proceedings.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 473–483; Dec. Dig. ⬤⟹163.]

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Proceeding on the probate of the will of Margaret McTevey. Decree entered.

Owen D. Connolly, of Troy, for Minnie O'Donnell.

Robert W. Fisher, of Mechanicville, for Daniel Learning.

OSTRANDER, S. The deceased died at Mechanicville, November 13, 1914. She left a last will and testament, dated June 9, 1914, which was admitted to probate March 19, 1915. On the proceeding for probate another alleged will of the deceased was produced by Daniel Learning, who appeared in person and by his attorney, Robert W. Fisher, in favor of said last mentioned will. In the decree for probate of the will of June 9, 1914, an allowance of costs was made to said Learning. In the will of June 9, 1914, Oscar Warner was named as executor. Subsequently to the probate he renounced such appointment and on March 27, 1915, letters of administration with the will annexed were issued to Minnie O'Donnell, who was named as sole legatee and devisee under the will. About November 5, 1915, a transcript of the decree admitting said will to probate was filed in the office of the clerk of Saratoga county and docket thereof entered in the judgment book in said county clerk's office against "Judgment debtor, Estate of Margaret McTevey."

About November 5, 1915, an execution was issued out of the Surrogate's Court for collection of said $58 costs. The form of the execution does not appear in this proceeding, but the sheriff has levied upon all the right, title, and interest that Minnie O'Donnell had on the 5th day of November, 1915, in certain lands, being lands formerly belonging to Margaret McTevey, and advertised it for sale by virtue of such execution, issued under the decree and docket thereof above mentioned.

This motion is made by Minnie O'Donnell to vacate said execution and for an order restraining Fisher, Learning, and the sheriff from proceeding with the sale of said premises on the ground that the said execution and the notice of sale are irregular and void and that no judgment was ever rendered or entered against Minnie O'Donnell. It appears that a motion for similar relief was made in the Supreme Court prior to this application, and was denied, with $10 costs, upon the ground of lack of jurisdiction in the Supreme Court to act in the premises.

[1] A preliminary objection is made by Mr. Fisher that this application cannot be heard, for the reason that Minnie O'Donnell has not paid the costs of the motion in the Supreme Court and is therefore stayed from taking any proceeding until the payment of such costs under the provisions of section 779 of the Code. This motion was made and this hearing is had before expiration of ten days from the entry of the order awarding motion costs in the Supreme Court, and it is urged that until the expiration of such 10 days Minnie O'Donnell is not in default and cannot be stayed. This contention is ill founded. Hazard v. Wilson, 3 Abb. N. C. 50, 52.

[2] It was also urged that section 779 does not apply, because the order awarding costs was made by the Supreme Court, and therefore

does not affect this proceeding in Surrogate's Court. But in Hempsted v. White Sewing Machine Co., 134 App. Div. 575, 119 N. Y. Supp. 620, where an action had been dismissed by the Municipal Court for lack of jurisdiction, proceedings in an action brought for the same cause in the Supreme Court were held to be stayed until payment of costs of the former action. By analogy the same rule must be applied in this case. But the rights of the parties may be protected under the rule applied in Wessels v. Boettcher, 142 N. Y. 212, 36 N. E. 883, where it was held that the only effect of violation of the stay was to render the new proceeding irregular and to subject the moving party to such disposition as to the court should seem proper. In that case a motion to set aside an attachment procured in violation of the stay was denied in case the plaintiff paid costs of the former action within a time fixed by the order denying the motion to vacate.

[3] A further preliminary objection was taken to the hearing of this motion upon the ground that the order to show cause by which this application was instituted was granted by the county judge of Rensselaer county. This objection was obviated by the making of an order by the surrogate at the return of the show-cause order returnable forthwith upon the motion papers.

[4] We come then to the merits of the motion. It will be noted that the decree by which allowance was made to Daniel Learning was not made against Minnie O'Donnell personally. It was decreed to be payable from the estate of Margaret McTevey. Minnie O'Donnell was not at the time of such decree a representative or prospective representative of the estate. No docket has been made or could properly be made against her individually in the county clerk's office upon the decree of probate, nor could any execution be issued against her personally, based upon such decree.

[5] The application should be granted with $10 costs to the moving party, in case the moving party pays the costs of the former motion in the Supreme Court within three days after service of this order; otherwise, the application should be dismissed, with $10 costs of this motion, with leave to renew the motion on payment of costs of all proceedings.

Decreed accordingly.