In the Matter of the Application of The Farmers' Loan and Trust Company, as General Guardian of the Property of Herwarth von der Decken and Elizabeth Bleecker von der Decken, Infants over Fourteen Years of Age, for an Order Authorizing Said Guardian to Join in Purchasing the Undivided Interest of Elizabeth Pratt de Gasquet James in Certain Real Property Which Interest Is to Be Sold to Satisfy the Judgments of Said Infants and Certain Other Parties against Said Elizabeth Pratt de Gasquet James.

Supreme Court, Oneida Special Term, July 31, 1924.

Surrogates' courts — jurisdiction — motion to vacate order of Supreme Court permitting general guardian of infants to enter into agreements for distribution of proceeds of sale of property to protect shares of infants — Surrogate's Court of Ulster county acquired original jurisdiction of persons and subject-matter of controversy — application should have been made to said court — order vacated.

The Surrogate's Court has equal power with that of the Supreme Court to appoint and control guardians of infants. Where both tribunals have equal jurisdiction, the proceeding should be retained and disposed of in the court where judicial action was first sought.

Accordingly, a motion to vacate an order of the Supreme Court, which permits the general guardian of two infants to enter into agreements with judgment creditors forcing the sale of certain property in regard to the distribution of the proceeds to protect the shares of the infants, will be granted where it appears that all prior proceedings had been instituted in the Surrogate's Court of Ulster county, since that court, having first exercised jurisdiction, should retain it to the exclusion of all other courts.

MOTION to set aside order permitting general guardian of infants to enter into agreements for distribution of proceeds of sale of property to protect shares of said infants.

*P. C. J. DeAngelis*, for the petitioner.

*Geller, Rolston & Blanc (Wager, Griffith & Wager*, of counsel), for the Farmers' Loan and Trust Company, as general guardian of the von der Decken infants.

*J. Noble Hayes*, for certain execution creditors.

*Harry M. Garvey*, for Arthur W. Poikard, as former sheriff of Oneida county.

MARTIN, LOUIS M., J. This order was granted by the court March 22, 1924, on *ex parte* application, permitting and authorizing petitioner, as general guardian of Herwarth von der Decken and Elizabeth Bleecker von der Decken, to enter into certain agreements and stipulations relative to the sale of certain property of one Elizabeth Pratt de Gasquet James, under and by virtue of certain executions issued on judgments obtained in Ulster County Surrogate's Court, transcripts of which were duly filed in Oneida county.

The petitioner herein was duly appointed such general guardian by order of the Surrogate's Court of the county of Ulster, N. Y., on the 10th day of July, 1913, and letters of guardianship issued accordingly. On November 3, 1917, a decree was entered in said Surrogate's Court of Ulster county, N. Y., charging said Elizabeth Pratt de Gasquet James personally with the following amounts in favor of said infants, viz.: Said infant Herwarth von der Decken for $32,566.68, and said infant Elizabeth Bleecker von der Decken for $32,566.68. A transcript of said decree was duly filed in the office of the county clerk of Oneida county, N. Y., on December 5, 1921. Two other judgment creditors under the same decree out of the said Surrogate's Court of Ulster county, and upon transcripts thereof duly issued and filed in Oneida county, upon executions thereupon issued, sold certain real estate of said judgment debtor situate in Oneida county, in said state.

This order permitted petitioner to enter into certain arrangements with the judgment creditors forcing the sale of the property in regard to the distribution of the proceeds to protect the shares of said infants. The application was made by petitioner to obtain authority so to act. While this was quite proper, I am satisfied that it should have been made in the first instance to the Surrogate's Court of Ulster county, N. Y. All prior proceedings had been instituted in said court; petitioner was appointed as guardian by said court; the judgment was entered there; and the original

proceedings instituted in said tribunal. Therefore, it was the court to acquire original jurisdiction of the persons and of the subject-matter of this controversy.

" The Supreme Court and the Surrogate's Court have concurrent jurisdiction in many respects, and the seemly administration of the law demands that their orders do not conflict." *Matter of Lee,* 220 N. Y. 532, 539. " Where both tribunals have equal jurisdiction, the case should be retained and disposed of in the forum where judicial action was first sought." *Ludwig* v. *Baugart,* 48 App. Div. 613, 616. Therefore, the Surrogate's Court of Ulster county, N. Y., having first exercised jurisdiction herein should retain it to the exclusion of all other courts. *Matter of DeSaulles,* 167 N. Y. Supp. 445; *Garlock* v. *Vandevort,* 128 N. Y. 374, 379; *Farmers' Loan & Trust Co.* v. *Lake Street Elevated R. R. Co.,* 177 U. S. 51, 61; *Schuehle* v. *Reiman,* 86 N. Y. 270.

The principle is sustained in *Matter of McTevey,* 93 Misc. Rep. 384, where an execution had been issued out of Surrogate's Court and a motion made in Supreme Court to set same aside was denied on the ground that the Surrogate's Court was the court having jurisdiction in the matter. This should be the rule to follow, particularly as to guardians of infants. The Surrogate's Court is the logical tribunal to appeal to for the care, custody and control of infants; and only in an extreme case should another court interfere with its acquired jurisdiction.

The order granted by this court March 22, 1924, is, therefore, vacated and set aside.

The prayer of the moving party for a refund is not considered, neither are the merits of the controversy as to the sale affected, the court holding that it declines to assume control of a matter pending in another court of concurrent jurisdiction.

Ordered accordingly.