ETHEL M. COLSON, Plaintiff, v. NAOMI L. PELGRAM and Another, Defendants.

Supreme Court, New York County, January 10, 1930.

*Charles L. Craig*, for the plaintiff.

*Street & Adikes*, for the defendant.

CALLAHAN, J. The Supreme Court of this State, as successor to the Courts of Chancery, has inherent jurisdiction over testamentary trusts. Where, however, as here, there is a surviving trustee, the trust itself is not vested in the Supreme Court. There has been a growing disposition on the part of the Supreme Court not to in any manner interfere with Surrogates' Courts where such court has taken actual jurisdiction and has ample power to dispose of a matter involved in a decedent's estate. (*Matter of Smith*, 120 App. Div. 199; *Lawrence* v. *Littlefield*, 215 N. Y. 561; *Evans* v. *Appell*, 211 App. Div. 105; *Matter of Farmers' Loan & Trust Co.*, 123 Misc. 600.) That this policy is in accord with the State's policy to aid in the orderly administration of justice is shown by the increasing power which has been granted to Surrogates' Courts by recent legislative enactments.

In the instant case the Surrogate's Court of New York county has appointed one trustee and considered the appointment of another. It has settled a number of accountings of the estate and otherwise administered the estate since the will was probated. The real and personal property of the estate is situated here. The

decedent was a resident of New York county, and the will was probated here. If each time some step in connection with the affairs of the trust created requires judicial consideration, some party interested, directly or contingently, may take the matter up in a different county because they reside there, and in either the Supreme or the Surrogate's Court of such other county, the orderly administration of justice will be interfered with. The present action is a proper one to determine not only the question concerning the power of the present trustee to appoint a successor, but the propriety of having the Surrogate's Court of New York county, which has heretofore administered the estate, continue to do so. (*Lawrence* v. *Littlefield,* *supra.*) Without criticising a proceeding by petition it seems preferable to have these questions tried in an action where oral testimony may be more readily taken, findings signed, and a judgment entered. I have no doubt that the Special Term at Westchester county, on considering the matter, would arrive at the same conclusions. There is no interference with that court's prerogatives when the parties appearing are restrained *pendente lite* as herein requested.

Motion granted. Bond $500. Settle order.