ETHEL M. COLSON, Respondent, v. NAOMI L. PELGRAM, Defendant, Impleaded with CHARLES R. PELGRAM, 2d, and Others, Respondents, and ELIZABETH FLEMING STONE and Another, Appellants.*

First Department, April 15, 1932.

---

* Revd., 259 N. Y. 370.

*Colley E. Williams* of counsel [*Whitman, Ransom, Coulson & Goetz,* attorneys], for the appellants.

*Charles L. Craig,* for the plaintiff, respondent.

*Herbert Noble,* for the respondents Charles R. Pelgram, 2d, and Howard Seay, guardian *ad litem* for Robert Cole Pelgram.

*Harold R. Medina* of counsel [*John W. Jordan* with him on the brief; *Medina & Sherpick,* attorneys], for the respondent Alfred E. Ommen, as trustee, etc., of Elizabeth M. Pelgram, deceased.

MARTIN, J. The appointment of a trustee to fill a vacancy caused by the death of one of two trustees is the principal question involved in this controversy. To decide that question it is necessary to construe the " tenth " clause of the will of Eliza M. Pelgram, which reads as follows: " I nominate, constitute and appoint my brother, George H. Balleray, and my son, Charles R. Pelgram, Executors and Trustees of this my last Will and Testament and of the trust therein contained, and direct that they shall not be required to give bonds, either in the State of New York or elsewhere. On the death, resignation, removal or failure to qualify of either of them, the surviving or sole qualifying or sole remaining Trustee may name the successor to be appointed to fill such vacancy and such appointed party shall have the full powers conferred upon the Trustees named in this Will. Failure to qualify or accept the trust herein imposed on any Executor or Trustee named in this Will or designated by the survivor or his resignation or removal, shall not derogate against any interest such party may receive hereunder as legatee. My said Executors and Trustees shall each receive only a single commission for acting as such Executors and Trustees."

Important questions incidental to and arising out of the construction of the above clause are also presented for consideration. Although it is true that the Surrogate's Court, New York county, might dispose of one or more of the questions involved, the parties would eventually be compelled to resort to an action in the Supreme Court to obtain a complete adjudication of all the matters in dispute. When there is a doubt as to the jurisdiction of the Surrogate's Court the parties are justified in submitting the matter for decision of the Supreme Court.

Eliza M. Pelgram died on April 9, 1910, leaving a last will and testament, which was admitted to probate in the Surrogate's Court, New York county, on April 20, 1910. The executors and trustees named in the will by paragraph " tenth " thereof were the testator's brother, George H. Balleray, and the testator's son,

Charles R. Pelgram. Mr. Balleray renounced his appointment. Charles R. Pelgram qualified, and, pursuant to the express power granted in the will, duly designated as coexecutor and cotrustee his sister, Caroline M. Fleming, in the place of Mr. Balleray.

Mrs. Caroline M. Fleming, the mother of the appellants Elizabeth Fleming Stone and Raoul Pelgram Fleming, duly qualified as coexecutor and cotrustee. After the death of Mr. Pelgram on January 11, 1926, Mrs. Fleming moved promptly for the appointment of his successor. On March 12, 1926, an order was made appointing Alfred E. Ommen as Mr. Pelgram's successor. Mr. Ommen was the first and only trustee who was not a member of testator's family and who was not directly interested in the estate. He is an attorney at law and had been associated with his predecessor, Mr. Pelgram, in the practice of law, and had knowledge of the affairs of the trust estate.

Prior to his appointment as cotrustee, Mr. Ommen advised Mrs. Fleming that, in his opinion, the power of appointment of a cotrustee by a surviving trustee " was exhausted when your brother appointed you," and that she should " present a petition to the Surrogate upon notice to all the parties."

On December 2, 1927, Caroline M. Fleming died, leaving the defendant Ommen as the sole surviving trustee. He is of the opinion that he is not empowered by paragraph " tenth " of the will to appoint a successor to Mrs. Fleming, but has taken the position that it is discretionary with him, regardless of the wishes of the beneficiaries of the trust, whether the court shall be asked to appoint a cotrustee. In other words, the defendant Ommen's attitude is that whether he shall have a cotrustee is purely optional with him. The contention of all the other parties is that two trustees are required and that the vacancy must be filled at once.

On November 29, 1929, about two years after the death of their mother, the appellants Elizabeth Fleming Stone and Raoul Pelgram Fleming, who reside in Westchester county, duly instituted in the Supreme Court, Westchester county, a proceeding for the appointment of a successor trustee to their mother. On December 17, 1929, the plaintiff Ethel M. Colson commenced this action in the Supreme Court, New York county, for a declaratory judgment and obtained an injunction *pendente lite*, restraining these appellants from prosecuting the Westchester county proceeding. (135 Misc. 833.) An appeal was taken from that injunction and the order was affirmed by the Appellate Division (229 App. Div. 704).

The case then proceeded to trial and a declaratory judgment was granted which restrained the plaintiffs in the Westchester county action from prosecuting any action or proceeding for the appointment

of a trustee to fill the vacancy caused by the death of said Caroline M. Fleming, but decreed that there was a power imposed upon the defendant Mr. Ommen to fill the vacancy caused by the death of Caroline M. Fleming and also granted other relief.

The first question here for review is the jurisdiction of the Supreme Court to appoint a trustee. There appears to be no doubt that the Supreme Court has complete jurisdiction to dispose of this entire controversy, including a construction of paragraph " tenth " of the will of the testatrix. The power of the Supreme Court to appoint a trustee to fill the vacancy caused by the death of Caroline M. Fleming is beyond question.

In *Matter of Runk* (200 N. Y. 447) the court said: " * * * The Real Property Law and the Personal Property Law (§§ 111 and 20) confer no new jurisdiction upon the Supreme Court, and the sections of the Code of Civil Procedure (§§ 2802–2820) take nothing from it. The Supreme Court, as the successor of the Court of Chancery, has always had, and still has, jurisdiction over all classes of trusts. The question is not whether that jurisdiction exists, but whether it is exclusive. Unquestionably it is exclusive in so far as it involves the exercise of equitable powers or duties which have not been given to Surrogates' Courts. The Constitution has perpetuated the ancient equity powers of the Court of Chancery in and through the Supreme Court, but it has also given to the Legislature the right to invest Surrogates' Courts with such jurisdiction as may be deemed wise or expedient (Art. 6, § 15). The powers thus delegated to the Surrogates' Courts do not deprive the Supreme Court of any jurisdiction it has ever had. * * * Although it has the power to direct the administration of all trusts, it need not exercise it if the Legislature has given to other tribunals the requisite jurisdiction. That is precisely the condition presented by the case at bar. The Supreme Court, in the exercise of its undoubted power, appointed a successor to a deceased testamentary trustee."

This action for a declaratory judgment was proper in view of the fact that complete or adequate relief could not be granted in the Surrogate's Court. That court could not restrain the parties from prosecuting the action in the Supreme Court of Westchester county.

In *Lawrence* v. *Littlefield* (215 N. Y. 561) the court said: " Lastly,

it is urged as a bar to and defect in the cause of action stated in the complaint that adequate relief could be obtained in the Surrogate's Court and that, therefore, the Supreme Court should not entertain jurisdiction of the action. This argument seems to be made in this court for the first time and it is one to be addressed to the Supreme Court. That court under ordinary circumstances will refuse to entertain jurisdiction of an action seeking relief *which can be fully administered on an accounting, for instance, in Surrogate's Court.* But the question whether it will thus refuse to entertain jurisdiction is one which largely rests in its discretion, and, therefore, should be addressed to it certainly in the first instance."

In *Matter of Tilden* (118 Misc. 729) the court said: " But I shall hold, answering the appeal to my power to construe this will, that the power to appoint successor trustees, given by the 6th clause of the will, and vested in ' my executors and trustees,' by said clause has been abdicated by the deadlock between the surviving trustees Randolph and Smith. Thereupon it was exercised *first,* by the Supreme Court in New York county, which in the appointment of Justice MacLean to succeed John H. Bigelow, and in the appointment of Charles H. Strong to succeed Lewis V. F. Randolph, has taken up into the judicial power of the State this power; and, *second,* this court also asserted its concurrent power to appoint a successor, which it exercised upon the death of Mr. Smith by appointing the Hon. Isaac H. Mills as the third trustee of the specific trusts involved in the proceeding then before this court, *i. e.,* the Sabin and Gould trusts. When letters testamentary issue to Charles F. MacLean under the decree to be made in this proceeding, he will have no power to appoint successor executors, who will have power as trustees, \* \* \*."

The appellants and respondents agree, as we understand it, that under the will two trustees are required. Paragraph " tenth " provided for the appointment of two trustees and for filling of vacancies if one of those originally named should resign, be removed or fail to qualify. Throughout the will the testatrix uses the word " trustees," indicating a desire that there should be more than one trustee during the life of the trust, and testatrix's intention that there should be two trustees· is otherwise clearly indicated.

Mr. Ommen, the sole trustee, contends that under the will the power to appoint a surviving trustee which was given therein was exhausted when Charles R. Pelgram appointed his sister, Caroline M. Fleming, to fill the vacancy. This extraordinary power was granted only to the testatrix's brother and son. We agree that it was not intended that strangers should have the power of appoint-

ment. That is the interpretation which has been followed by the testatrix's children and by Mr. Ommen.

Under paragraph " tenth " of the will the trustees appointed were the testatrix's brother, George H. Balleray, and her son, Charles R. Pelgram. The will then says that " on the death, resignation, removal or failure to qualify *of either of them,* the surviving or sole qualifying or sole remaining Trustee may name the successor to be appointed to fill such vacancy." If the testatrix had intended that the power to appoint cotrustees should be perpetuated in the surviving trustees, it is reasonable to assume that language to accomplish that purpose would have been inserted in the will.

In *Bronson* v. *Bronson* (48 How. Pr. 481) the court said: " * * * No person interested could be advised to rest satisfied with the appointment of a new trustee under a power, unless the terms of the power clearly and distinctly authorized the appointment in the particular event which may have occurred. If there be the slightest doubt as to the validity of the application of the power to the case in question, the appointment, for the security of all parties, should be made only under the sanction of the court."

Two of the defendants went to Westchester county and there applied for the appointment of a trustee. That matter was disposed of on a preliminary injunction where the court pointed out that orderly procedure required that such a practice should not be permitted. The decedent was a resident of New York county. The property belonging to the estate, real and personal, is all in that county. A number of accountings of the estate have been settled in New York county, and the estate has been administered and the will was probated in New York county.

In passing upon that point the court in *Colson* v. *Pelgram* (135 Misc. 833; affd., 229 App. Div. 704) said: " If each time some step in connection with the affairs of the trust created requires judicial consideration, some party interested, directly or contingently, may take the matter up in a different county because they reside there, and in either the Supreme or the Surrogate's Court of such other county, the orderly administration of justice will be interfered with."

This is a proper case to determine not only the power of the trustee to appoint a successor, but the propriety of having the courts of New York county, which have heretofore administered the estate, continue to do so. (*Lawrence* v. *Littlefield, supra.*) If some of the interested parties could go to Westchester county to have a trustee appointed in a matter pending in the courts of New York county, an interested party might apply in New York

county to have a trustee appointed in a matter pending in Erie county. Such a practice could not be tolerated.

We are of the opinion that the Supreme Court, New York county, has jurisdiction and that it should have disposed of the entire matter. We are also of the opinion that two trustees should administer the trust and that the defendant Ommen has no power to name or appoint a cotrustee or to administer the trust without a cotrustee and that the defendants who have brought an action in Westchester county should be restrained from prosecuting such action. The parties have requested the immediate appointment of a trustee. As requested, therefore, this court will appoint a trustee to fill the vacancy upon settlement of the order.

The judgment should, therefore, be modified in the respect outlined in this opinion, and as so modified affirmed, with costs to all parties appearing separately and filing briefs.

Finch, P. J., McAvoy, Sherman and Townley, JJ., concur.

Judgment modified as indicated in opinion and as so modified affirmed, with costs to all parties appearing separately and filing briefs, payable out of the estate. Settle order on notice, reversing such findings as are inconsistent with this determination and containing such new findings of facts proved as are necessary to sustain the judgment hereby awarded.