In the Matter of the Estate of JULIUS JANOWITZ, Deceased.

Surrogate's Court, Westchester County, October 8, 1937.

*Proskauer, Rose & Paskus* [*Charles Looker* of counsel], for Emma S. Janowitz, petitioner.

*M. S. & I. S. Isaacs* for Isaac Stern, executor.

*Herman & Ernst*, for Katherine J. Freedman and Ethel J. Gruen.

*Cohen, Cole, Weiss & Wharton* [*Harry J. Leffert* of counsel], for the President and Directors of the Manhattan Company.

SHEILS, S. The decedent, a resident of the county of Westchester, died on January 29, 1937. He left a last will and testament which was duly admitted to probate on March 3, 1937, and letters testamentary were issued to Joel Alexander and Isaac Stern, the executors named in said will. Joel Alexander died on May 4, 1937, and Isaac Stern is now the sole surviving executor under the said will. His sole distributees were his widow, this petitioner, a daughter, Katherine J. Freedman, and a daughter, Ethel J. Gruen. He left real and personal property of a value in excess of $50,000. The material portions of his will are contained in the third, fourth and fifth paragraphs thereof, which read as follows:

" *Third.* I give, devise and bequeath to President and Directors of the Manhattan Company, and their co-trustees, if any, as trustee or trustees under a certain agreement made and dated the twelfth day of July, Nineteen hundred and thirty-three, between me as Donor and the said President and Directors of the Manhattan

Company, as trustee, any and all sums of money on deposit to my credit in banks or trust companies in the United States at the time of my death, and also any and all stocks, bonds, mortgages and other securities which I may own at the time of my death, and also any and all real estate of which I may die seized and possessed, all of which moneys, securities and real estate shall be added to the trust fund which is the subject of the said agreement, and administered in accordance with the terms and provisions thereof, which are to the effect that the income from one-third of the amount hereby added to such trust fund shall be paid to my wife during her life.

" *Fourth.* I give, devise and bequeath to my sister, Leontine Spiegel, any and all sums of money on deposit to my credit in banks or trust companies in Czechoslovakia at the time of my death. If the said Leontine Spiegel shall not survive me, then I give, devise and bequeath any and all sums of money on deposit to my credit in banks or trust companies in Czechoslovkia at the time of my death, to my friends, Lajos György of Budapest, Hungary, and Paul Gerö of Ujpest, Hungary.

" *Fifth.* All the rest, residue and remainder of my personal estate of which I shall die possessed or to which I shall be entitled at the time of my death and wheresoever situated, I give and bequeath to my beloved wife, Emma S. Janowitz.   I make no other provision for my said wife in this my will because I have amply provided for her in the trust agreement mentioned in the preceeding paragraph, third, hereof.''

On July 12, 1933, the decedent entered into a certain indenture or trust deed with the President and Directors of the Manhattan Company under which he assigned to the said President and Directors of the Manhattan Company, its successors and assigns, as trustee, a certain portion of his personal property of a value in excess of $300,000, to be held by it and its successors and assigns, in trust, to pay the net income thereof to him during his lifetime and, upon his death, to continue to hold one-third of the corpus for the life of his wife (this petitioner), and to pay over the remainder thereof to various named persons as set forth in the said trust deed. In the trust deed the donor reserved " the right to modify, amend, alter or revoke the trust agreement, in whole or in part, by an instrument in writing, duly signed, executed and delivered to the Trustee."   Subsequently, four supplemental agreements modifying the said original agreement were made, executed and delivered by and between the said parties, in accordance with the provisions of the said original agreement, on August 11, 1934, March 27, 1935, September 26, 1935, and November 27, 1935, respectively.   The original agreement made on July 12, 1933, together with the said

four supplemental agreements, by their terms, constitute together a single trust agreement which was in existence and remained unrevoked at the time of the death of this decedent.

On April 19, 1937, a petition was presented by Emma S. Janowitz, the widow of this decedent, in which she asked for a construction of the will. The petition was entertained by the surrogate and an order was made, on the same day, directing that a citation issue to all persons interested therein. Answers were filed to the said petition by the President and Directors of the Manhattan Company and by Isaac Stern, the surviving executor, which, in effect, amount to a general denial of the allegations contained in said petition but which joined in the request for a construction of the will. The same persons are now opposing the instant application primarily upon the ground that, having joined in a request for a construction of the will, this court should retain jurisdiction of the subject-matter. The petitioner, on the other hand, contends that she has an absolute right to discontinue, subject to the imposition of costs if demanded by the respondents; that, in the construction proceeding, she must raise issues upon which the court has no power to pass, *i. e.*, whether or not paragraph third of the will is wholly ineffective so far as it purports to leave property to the trustees under an *inter vivos* agreement made by the decedent during his lifetime; that she will contend that the said *inter vivos* agreement and the amendments thereto are wholly testamentary and null and void; that paragraph third of the will is, therefore, similarly invalid; and that this court has no jurisdiction to pass upon the validity and effect of the said *inter vivos* agreement. The trustee under the *inter vivos* trust has already commenced an action in the Supreme Court of this county for a settlement of its account to May 4, 1937, the date of death of Joel Alexander, the original cotrustee with the trust company.

The issues to be raised, therefore, seem to be: (1) A construction of the will; (2) a determination in said construction proceedings of an attempted incorporation by reference by the testator, in paragraph third of his will, of the said trust agreement; (3) a construction as to the validity and effect of the trust agreement above referred to; and (4) the widow's right, if any, to elect to take against the provisions of the will.

In considering an application for leave to discontinue an action, the court is to determine whether anything has occurred since the commencement of the action which is so prejudicial to the rights of a defendant as to justify the denial of the natural right of a plaintiff to discontinue an action upon the payment of costs and, no such facts appearing, it is a proper exercise of the discretion of

the court to grant an order of discontinuance. (*Walsh* v. *Walsh*, 33 App. Div. 579, 583.)

In *Matter of Butler* (101 N. Y. 307, 309) the court said: " Ordinarily, a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court. A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance. In such a case, through the control which the court exercises over the entry of its order, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary and without any basis upon which discretion can exist. (*Matter of Anthony Street*, 20 Wend. 618; *Carleton* v. *Darcy*, 75 N. Y. 375, 377.) "

No facts have been presented here which show that any injustice or hardship will accrue to any of the parties to the construction proceedings by reason of its discontinuance in this court and the commencement of a new proceeding for similar and other relief in the Supreme Court, nor does it appear that any party will be deprived of any substantial right by the taking of such action. (*Winans* v. *Winans*, 124 N. Y. 140; *Weber* v. *Ward*, 129 Misc. 163; *Zuckerman* v. *Witkowski*, 115 N. Y. Supp. 157.)

The Surrogate's Court is without jurisdiction to construe a trust *inter vivos*. (*Matter of Lyon*, 266 N. Y. 219; *Matter of Crosby*, 136 Misc. 688.)

It is said that " ordinarily, where the Surrogate's Court has ample power to protect the rights of the parties by enforcing a just and proper administration of a decedent's assets, the Supreme Court will not undertake the administration of his estate. But it is well established that when a Surrogate's Court with its limited jurisdiction is unequal to the task of grappling with special circumstances, the Supreme Court will entertain jurisdiction and avoid a failure of remedy or a miscarriage of justice. (*Hard* v. *Ashley*, 117 N. Y. 606; *Haddow* v. *Lundy*, 59 N. Y. 320, 326; *Matter of Smith*, 120 App. Div. 199; *Post* v. *Ingraham*, 122 App. Div. 738.) " (*Bankers Surety Co.* v. *Meyer*, 205 N. Y. 219, 224.)

When there is a doubt as to the jurisdiction of the Surrogate's Court, the parties are justified in submitting the matter for the decision of the Supreme Court. (*Colson* v. *Pelgram*, 235 App. Div. 137; revd., on other grounds, 259 N. Y. 370. See, also, *Matter of Appell*, 123 Misc. 12.)

I am of the opinion that this is a proper case in which the relief prayed for should be granted. An order may, therefore, be entered authorizing a discontinuance of the pending proceeding for the construction of the will of this decedent.

Settle order on notice.