John D. Bennett, S.
These are two proceedings to authorize the general guardian to sell the real property of the two infants, as their interests may appear.
As a necessary incident to the granting of the petitions, the interests of the two infants in the real property must be determined by the court.
On July 1, 1955 as part of a separation settlement, Herman I. Birnbaum, the natural father of the two infants, by quitclaim deed conveyed the subject premises located at 248 Glen Cove Avenue, Mineóla, New York, to his wife, Shirley Birnbaum “ as guardian of Darielle Birnbaum and Stuart Birnbaum, both residing at 248 Glen Cove Avenue, Mineola, Nassau County, New York, infants under the age of 21 years ”. Before the above conveyance the record title appeared in Herman I. Birnbaum and Shirley Birnbaum, his wife, as tenants by the entirety. Thereafter, by a quitclaim deed dated December 9,1957, Shirley Birnbaum conveyed her interest in the premises to the two children.
The initial question to be determined by the court is whether jurisdiction lies in the Surrogate’s Court to determine what interest, if any, the infants have as a result of the two conveyances by quitclaim deed.
In an independent proceeding, no specific authority is given to the Surrogate’s Court to adjudicate the ownership or possession of real property. The powers of this court come into being, however, when a proceeding of which it has jurisdiction is before it (Matter of Venblow, 2 A D 2d 365; Matter of Kollhopp, 142 N. Y. S. 2d 244). “ Then it may hear and determine all questions, legal or equitable, to do full and complete justice *84 between the parties.” (Matter of Sturmer, 277 App. Div. 503, revd. on other grounds 303 N. Y. 98.)
In the present situation the court has before it a proceeding which is specifically provided for by the Surrogate’s Court Act, namely, a proceeding for the sale of infants’ real property. It therefore has jurisdiction to determine questions of title to real property.
In Matter of Farmers’ Loan Trust Co. (123 Misc. 600, 602) it was held that the Surrogate’s Court has equal power with that of the Supreme Court to appoint and control guardians of infants. In the same ease the court stated the following: “ The Surrogate’s Court is the logical tribunal to appeal to for the care, custody and control of infants; and only in an extreme case should another court interfere with its acquired jurisdiction.”
Proceeding from the question of jurisdiction to that of the interest conveyed to the infants by the quitclaim deeds, the court is of the opinion that the use of the language “ as guardian ” of the infants in the quitclaim deed from the father is a significant indication of the intention of the grantor. In Post v. Hover (33 N. Y. 593, 600) the court said: “ A guardian, as is well known, has no estate in the lands of his ward, but only a power of management ’ ’. On the same page the court stated that the use of the term guardian “ repels the idea of the devise of a legal title ”. The use of the term “ as guardian ” has further meaning in its relation to section 80 of the Domestic Relations Law where the definition of guardians in socage is set forth. Section 80 reads in part as follows: “ Where a minor for whom a general guardian of the property has not been appointed shall acquire real property, the guardianship of his property with the rights, powers and duties of a guardian in socage belongs: (1) to the parents jointly, or, if they be separated, or divorced, to the parent who has been given the custody of the minor by a decree of court, or in the absence of such a decree, to the parent having the actual custody of the minor ”.
In light of section 80, the acts of the parents in separating and in the husband conveying a quitclaim deed to the wife “ as guardian” are considered no more than expressions of the governing statutory law. Nothing more or less is added by the inclusion in the quitclaim deed to the wife “ as guardian ” since under any circumstances when a general guardian has not been appointed by the court she would have the statutory powers of a guardian in socage. Accordingly the court finds that the father conveyed his interest as a tenant by the entirety in the *85 premises to Ms infant cMldren. By such quitclaim deed the children and the wife become tenants in common subject to the wife’s right of survivorship (Hiles v. Fisher, 144 N. Y. 306). In Finnegan v. Humes (252 App. Div. 385, 387, affd. 277 N. Y. 682) the court said: " one of the tenants by the entirety may convey his interest to a third person and that such third person, upon receiving such conveyance, becomes a tenant in common with the other tenant by the entirety subject to such other tenant’s right of survivorship ”.
By the second quitclaim deed from the wife to her children, her interest was extinguished and the two infants became entitled to the' entire fee in the premises.
The general guardian is hereby authorized to enter into a contract for the sale of the premises on behalf of the infants, said contract to be submitted to this court for approval.
Settle order on five days’ notice.