OPINION OF THE COURT
C. Raymond Radigan, J.
In this construction proceeding the court is required to resolve an apparent conflict in the will as to whether a named successor executor-trustee has priority over the designee selected by a deceased executor-trustee pursuant to a power in the will. The provisions in question provide:
“thirteenth: A. I hereby appoint my wife, miriam fish-man, my brother-in-law, samuel j. penn, and my accountant, irving marguéis, as executors of and trustees under this my Last Will and Testament. If any executor or trustee ceases or fails to serve for any reason whatsoever, then I appoint my brother-in-law, samuel potashnick in his place.
“B. No trustee acting hereunder shall exercise any power contained herein for his or her own benefit, and any such power shall be exercisable only by the co-trustee or co-trustees.
“C. I direct that no bond or other security whatsoever shall be required of my executors and/or trustees named herein, in any event whatsoever, for the faithful performance of their duties as such.
*872 “D. Each of my executors and trustees named herein shall have the power by written instrument filed with the Surrogate’s Court to designate a person to serve as his or her successor after he or she ceases to serve.”
The primary consideration in any construction proceeding is the intention of the testator (Matter of Fabbri, 2 NY2d 236). The rules of construction are employed to assist in determining the actual purpose of the testator.
Where a testator has indicated his trust and confidence in a particular individual by nominating him as fiduciary of his estate, the courts strive to effectuate the appointment even though it may require overlooking technical deficiencies. Thus, where a will provided for the appointment of an individual as successor executor in the event that the executor predeceased the testator and the executor and decedent died simultaneously, the court construed the will to provide for the selection of the individual as successor in the event of simultaneous death (Matter of Rathkopf, 7 Misc 2d 104).
Conversely, a strict construction is afforded provisions which authorize the appointment of a fiduciary under a power (Bronson v Bronson, 48 How Prac 481) since this may result in the appointment of one who is a “stranger” to the estate (see Colson v Pelgram, 235 App Div 137, revd on other grounds 259 NY 370).
Here, the testator indicated his preference for the appointment of his brother-in-law, Samuel Potashnick, as a fiduciary of his estate if one of the previously named fiduciaries ceases to act. The only reasonable interpretation of article “thirteenth” is that the testator intended that the first vacancy be filled by Samuel Potashnick and that as to subsequent vacancies, the remaining fiduciaries would be permitted to select their own successors. It would be unreasonable to conclude that the testator intended that the first vacancy could be filled by the appointment of someone unknown to him and that only upon default of such appointment would Samuel become eligible.
This conclusion is buttressed by the fact in subdivision “A” the testator provides for the appointment of Samuel if any executor or trustee “ceases or fails” to serve. No *873 provision is made for Samuel’s appointment upon the failure of one of the fiduciaries to appoint a successor.
Moreover, the natural progression of provisions for the appointment of fiduciaries is that the testator first indicates the person or persons he considers most qualified as a successor to fill subsequent vacancies (see Matter of Forstmann, 96 NYS2d 696).
Accordingly, the court finds that the testator intended that his brother-in-law, Samuel Potashnick, fill the first vacancy occasioned by the death of one of the original executors and successor letters testamentary and letters of trusteeship will issue to Samuel Potashnick upon his qualification according to law.